**Henry ALAYON, Appellant,**

v.

**DELTA AIR LINES, INC., Appellee.**

**No. 10–99–297–CV.**

Court of Appeals of Texas,
Waco.

Aug. 31, 2001.

Rehearing Overruled Oct. 17, 2001.

John E. Wall, Jr., Law Office of John E. Wall, Jr., Dallas, for appellant.

Stephen F. Fink, Bryan P. Neal, Thompson & Knight, Dallas, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

PER CURIAM.

Henry Alayon worked for Delta Airlines, Inc. for fourteen years. He injured his right elbow in 1995 while picking up a bag as a Senior Customer Service Agent. As a part of his job, Alayon was required to be able to lift a minimum of 70 pounds. After being injured on the job, he was restricted to lifting only 50 pounds. Alayon filed a workers' compensation claim. Eighteen months later, Delta discharged Alayon. Delta contended that because Alayon was discovered working for Gold's Gym as a personal trainer, Alayon's employment with Delta was terminated. Alayon filed a retaliation lawsuit. Delta filed a motion for summary judgment. The trial court granted the motion and dismissed Alayon's suit. Alayon appeals. We reverse the granting of Delta's summary judgment motion.

### SUMMARY JUDGMENT

■ Delta filed what purports to be a dual motion for summary judgment; that is, one which raises both no-evidence and traditional summary judgment claims. *See* TEX.R. CIV. P. 166a(c) & (i). This Court has concluded that both traditional and no-evidence summary judgment claims can be raised in a single motion so long as the motion sufficiently segregates the traditional claims from the no-evidence claims.[1] *Torres v. City of Waco,* 51 S.W.3d 814, (Tex.App.—Waco2001, pet.denied); *see also Fletcher v. Edwards,* 26 S.W.3d 66, 72, 78 (Tex.App.—Waco 2000, pet. denied). If a motion does not sufficiently segregate the claims, we review the motion under a traditional standard of review. *See Runge v. Raytheon,* 57 S.W.3d 562, 564(Tex.App.—Waco 2001, no pet. h.).

After reviewing Delta's motion, we find it is not sufficiently segregated to warrant a bifurcated review. Therefore, we will review the entire motion as a traditional motion for summary judgment.

---

1. We have previously determined that we will apply the law established in our jurisdiction, even when the cause on review has been transferred to us from another court's jurisdiction. *See McLendon v. Texas Dep't of Pub. Safety,* 985 S.W.2d 571, 576 n. 6 (Tex.App.—Waco1998), *rev'd on other grounds,* 35 S.W.3d 632 (Tex.Crim.App.2000); *Holt v. State,* 2001 WL 912911, No. 10–00–225–CR, slip op. at 2 (Tex.App.—Waco August 8, 2001, ord.).

STANDARD OF REVIEW

 The standard of review for a traditional summary judgment is well established: (i) the movant for summary judgment has the burden of showing there is no genuine issue of material fact and is entitled to summary judgment as a matter of law; (ii) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (iii) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Larsen v. Carlene Langford & Assocs.*, 41 S.W.3d 245, 248–249 (Tex.App.—Waco 2001, pet. denied). The function of summary judgment is not to deprive litigants of the right to trial by jury, but to eliminate patently unmeritorious claims and defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (Tex.1952).

 For a defendant to prevail on summary judgment, it must show there is no genuine issue of material fact concerning one or more essential elements of the plaintiff's cause of action or establish each element of an affirmative defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990); *Larsen*, 41 S.W.3d at 249. If the defendant disproves an element of the plaintiff's cause of action as a matter of law, summary judgment is appropriate. *Friendswood Dev. Co. v. McDade & Co.*, 926 S.W.2d 280, 282 (Tex.1996). When necessary to establish a fact issue, the non-movant must present summary judgment evidence. *Westland Oil Dev. Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 907 (Tex.1982); *Ethridge*, 995 S.W.2d at 294.

 "When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion." *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

THE PETITION, MOTION, AND RESPONSE

Alayon filed a petition alleging he was discharged and/or discriminated against by Delta in violation of Sec. 451.001 of the Texas Labor Code because he filed a workers' compensation claim in good faith. *See* TEX. LAB.CODE ANN. § 451.001 (Vernon 1996). He also alleged that Delta would not have terminated his employment when it did had Alayon not engaged in a protected activity, i.e., filing a workers' compensation claim.

Delta filed a motion for summary judgment. Delta claimed that it had a legitimate reason to terminate Alayon. Specifically, Delta contended that the Labor Code did not require Delta to retain an employee who engaged in misconduct. Additionally, Delta alleged that it did not treat Alayon differently than similarly situated employees who did not file workers' compensation claims.

Alayon responded, alleging causal connections between his filing of a workers' compensation claim and his termination. Alayon also contended that Delta's reason for termination was not legitimate because the report relied on by Delta was incorrect. In support of both arguments he claimed: (1) Delta made contradictory statements regarding the reason for his termination; (2) Delta had knowledge of Alayon's workers' compensation claim; (3) Alayon was treated in a discriminatory manner; (4) Delta portrayed a negative attitude toward Alayon's injury; and (5) Delta departed from company policies when it terminated Alayon.

The trial court granted summary judgment without stating on which ground it relied.

RETALIATION

■ Sections 451.001–.003 of the Texas Labor Code regulate what constitutes a wrongful termination and what must be proven to establish that the termination was in violation of the Workers' Compensation Act. TEX. LAB.CODE ANN. §§ 451.001–.003 (Vernon 1996); *Jenkins v. Guardian Industries Corp.,* 16 S.W.3d 431, 435 (Tex.App.—Waco 2000, pet. denied). Section 451.001 is a statutory exception to the Texas common-law doctrine of employment-at-will. *Jenkins,* 16 S.W.3d at 435 (citing *Terry v. Southern Floral Co.,* 927 S.W.2d 254, 256 (Tex.App.—Houston [1st Dist.] 1996, no writ)). The statute is designed to protect employees who are entitled to workers' compensation benefits from being discharged because they take steps to collect those benefits. *Id.* The employee has the burden of proof in this type of proceeding. TEX. LAB.CODE ANN. § 451.002(b) (Vernon 1996).

The essential elements of a cause of action under these provisions are:

1. An employee;
2. is discharged or discriminated against in any manner;
3. because the employee has filed a workers' compensation claim in good faith; and
4. that "but for" the employee's filing of a workers' compensation claim, the discharge would not have occurred when it did.

TEX. LAB.CODE ANN. § 451.001(1) (Vernon 1996); *Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *Jenkins,* 16 S.W.3d at 435.

■ The last element is known as the "causal connection" or "causal link," and the employee has the burden to establish a causal link between the discharge and the filing of the workers' compensation claim. *Continental Coffee,* 937 S.W.2d at 450 (citing *Continental Coffee Prods. Co. v. Cazarez,* 903 S.W.2d 70, 77–78 (Tex.App.—Houston [14th Dist.] 1995)); *Garcia v. Allen,* 28 S.W.3d 587, 600 (Tex.App.—Corpus Christi 2000, pet. denied). This link may be established by direct or circumstantial evidence. *Garcia,* 28 S.W.3d at 600. Examples of circumstantial evidence sufficient to establish a causal link include: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the discharge was false. *Continental Coffee,* 937 S.W.2d at 451 (citing *Continental Coffee Prods. Co. v. Cazarez,* 903 S.W.2d 70, 77–78 (Tex.App.—Houston [14th Dist.] 1995)); *Jenkins,* 16 S.W.3d at 435 436. These five examples are not necessary elements of the cause of action. *Dallas Area Rapid Transit v. Johnson,* 50 S.W.3d 738, 2001 Tex.App. LEXIS 5023, *7 (Dallas 2001, no pet. h.). The workers' compensation claim also need not be the sole cause of the termination. *Jenkins,* 16 S.W.3d at 436.

■ Once a link between filing the claim and the discharge is established, it is the employer's burden to rebut the alleged retaliation by showing there was a legitimate reason for the discharge. *Garcia,* 28 S.W.3d at 600; *Jenkins,* 16 S.W.3d at 436. Thereafter, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *Id.* The retaliatory motive may also be established by either direct or circumstantial evidence using the *Continental Coffee* examples. *Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex.1994) (per curiam); *Jenkins,* 16 S.W.3d at 436. The employee's subjective beliefs are, however,

no more than conclusions. *Texas Division–Tranter*, 876 S.W.2d at 314.

Our initial inquiry is how to apply the shifting burdens in the summary judgment context. *Jenkins*, 16 S.W.3d at 441. In *Jenkins*, we decided that when the employer files its summary judgment motion, the employee has not been called on to produce evidence of the employer's motive. *Id.* Only after the employer's summary judgment evidence establishes a legitimate, non-discriminatory reason for the discharge is the employee required to come forward with summary judgment evidence of a retaliatory motive. *Id.* We follow the reasoning set forth in *Jenkins*.

Delta asserted that Alayon was fired because he was participating in activities inconsistent with his stated medical conditions at another job while refusing to work for Delta. Because Alayon had not been called upon to produce evidence at this point, we will begin by assuming that prima facie evidence of a causal link exists.[2] *See id.* Thus, we address whether Delta's summary judgment evidence successfully established that it had a legitimate reason to discharge Alayon.

EVIDENCE

 Alayon injured his right elbow in August of 1995. Even as late as December of 1996, Alayon was restricted to lifting only 50 pounds and was not released to return to work. He had been released to light-duty work only. In February of 1997, Cigna, Delta's workers' compensation insurance carrier, conducted an investigation of Alayon. Alayon had been working at Gold's Gym as a fitness trainer. Cigna's investigator paid for a month of training with Alayon and videotaped some of the sessions. He submitted a report of the investigation relating ·the amounts of weight lifted and used by Alayon in demonstrating and assisting in exercises. Cigna contacted Delta in March. After reviewing the investigation report, the videotape, and Alayon's personnel file, the manager of operations at Delta recommended Alayon's employment be terminated. Other managers agreed and approved the termination. After viewing the video and reports, Alayon was released by a doctor to return to full-duty work. Furthermore, eighteen months had passed between the filing of Alayon's claim and his discharge. This evidence, at least for the purposes of our review, is sufficient to shift the burden back to Alayon to rebut Delta's reason for the discharge.

Now we consider whether Alayon's summary judgment evidence was sufficient to raise a fact issue about retaliatory motive. *See Jenkins*, 16 S.W.3d at 441. Alayon asserts that the following tend to show a retaliatory motive:

1. Delta's knowledge that he filed a workers' compensation claim is undisputed because the personnel involved in the decision to discharge him had reviewed Alayon's personnel and workers' compensation claim files;

2. Alayon was denied the opportunity to perform light-duty work while others were allowed to perform light-duty work and light-duty jobs were available;

3. Delta displayed a negative attitude by claiming in a memo that Alayon was not injured; and

4. Delta failed to adhere to company policy when Alayon was discharged without being placed on suspension

___

2. Delta only makes passing reference in its motion to whether or not Alayon could establish a causal link. In its argument, it does not contest this issue.

first and without being given the opportunity to resign.

Additionally, Alayon contended that Delta stated contradictory reasons for his termination. He also contended that the investigation report by Cigna was false and disputed whether he lifted weights with his right arm above the 50 pound restriction.

APPLICATION

Each example, except the negative attitude and the contradictory reasons for termination allegations, is supported by summary judgment evidence. As we stated earlier, a retaliatory motive may be shown by circumstantial evidence. *See Jenkins,* 16 S.W.3d at 442. Thus, resolving all doubts and indulging every reasonable inference in Alayon's favor, we find that the summary judgment evidence raises a fact issue about whether Delta had a retaliatory motive and fired Alayon for filing the workers' compensation claim.

CONCLUSION

Alayon's issues are sustained. We reverse the summary judgment in favor of Delta and remand this cause to the trial court.