In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-063 CV


____________________



KENNETH AUST, Appellant



V.



CONROE INDEPENDENT SCHOOL DISTRICT, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 03-03-01832-CV






O P I N I O N


 Kenneth Aust sued the Conroe Independent School District ("District") alleging the
District retaliated against him after he filed a workers' compensation claim. Aust appeals the
trial court's grant of summary judgment in favor of the District. We will reverse and remand.

 Aust, an electrician's helper, worked for the District for approximately nineteen
years. In December, 2000, he injured his knee while getting out of a maintenance truck.
Aust filed a workers' compensation claim and had surgery that was only partially successful
in repairing his knee. Continuing to have knee problems, Aust unsuccessfully sought light
duty work. In November, 2001, the District informed Aust his electrical helper position was
being eliminated, moved Aust to another department, and decreased his salary. Aust
resigned and filed his lawsuit against the District, asserting retaliation and constructive
discharge. The District filed a motion for summary judgment, which was granted by the trial
court without a hearing. 

 In challenging Aust's retaliation claim, the District contended Aust presented no
evidence of a causal link between Aust's filing a worker's compensation claim and the
District's transferring Aust and reducing his salary and no evidence demonstrating a
retaliatory motive on the District's part. As to Aust's constructive discharge cause of action,
the District maintained Aust had no evidence of intolerable working conditions and no
evidence of a causal link between his filing a worker's compensation claim and his alleged
constructive discharge. Aust brings two issues; both relate to his retaliation claim. Issue one
contends the trial court erred in granting summary judgment because the District failed to
show it had a legitimate reason for demoting him and reducing his salary. Issue two
maintains that even if the district presented sufficient evidence to shift the burden to him,
summary judgment was improper because he presented evidence raising a fact issue on
retaliatory intent.

Standard of Review


 While neither designating its motion as a "no-evidence" motion nor citing Rule
166a(i), the District maintained Aust could not produce any evidence of certain elements of
his causes of action. (1) Thus, we construe the District's motion to be a no evidence motion. 
See Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004)("If a motion clearly sets forth its
grounds and otherwise meets Rule 166a's requirements, it is sufficient.") We review the trial
court's grant of a no-evidence summary judgment motion under the standards set forth in
Rule 166a(i). See Tex. R. Civ. P. 166a(i). In order to defeat a no-evidence summary
judgment motion before the trial court, the non-movant is required to produce summary
judgment evidence raising a genuine issue of material fact regarding each element challenged
by the movant. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004). The non-movant raises a genuine issue of material fact by producing "more than a scintilla of
evidence" establishing the challenged element's existence and may use both direct and
circumstantial evidence in doing so. Id. at 600-01. To determine if the non-movant produces
more than a scintilla of evidence, we view the evidence "in the light most favorable to the
non-movant," while disregarding all contrary evidence and inferences. Ridgway, 135 S.W.3d
at 601; King Ranch v. Chapman, 118 S.W.3d 742, 750-51 (Tex. 2003). More than a scintilla
exists where the evidence is such that it "'would enable reasonable and fair-minded people
to differ in their conclusions.'" Ridgway, 135 S.W.3d at 601 (quoting Merrell Dow Pharm.,
Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997) (other quotations omitted)). But, if "'the
evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise
or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect, is
no evidence.'" Id. (quoting Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983)). 
Where, as here, the trial court granted summary judgment without specifying the grounds,
the appellant must show it is error to base the judgment on any ground asserted in the
summary judgment motion. Dow Chemical Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). 

 Before applying the summary judgment standards, we first must determine what
evidence was before the trial court when it granted summary judgment. 

 Both parties filed motions to strike. In its motion to strike, the District objected to
deposition excerpts from the depositions of Aust's co-workers; the District contended that
the excerpts were not competent summary judgment evidence because the witnesses did not
have personal knowledge of the events about which they were testifying. The District also
objected to the transcript of a tape recorded conversation between one of Aust's supervisors
and an investigator hired by Aust. The District contended there was no showing the
recording fairly represented the conversation. Aust raised various objections to affidavits
from three District employees. 

 Neither party contends it obtained any ruling, explicit or implicit, on its objections.
And, we find nothing in the record indicating the trial court explicitly ruled on either party's
objections; there was no hearing on the District's motion and neither the trial court's order
nor its final judgment included any ruling on objections. Further, neither the order nor the
judgment indicate that the trial court implicitly ruled on the objections. (2) See Jones v. Ray
Ins. Agency, 59 S.W.3d 739, 753 (Tex. App.--Corpus Christi 2001), pet. denied, 92 S.W.3d
530 (Tex. 2002) (noting that "for there to be an 'implicit' ruling . . . there must be something
in the summary judgment or the record to indicate [that] the trial court ruled on objections
other than the mere granting of the summary judgment."); Rogers v. Continental Airlines,
Inc., 41 S.W.3d 196, 200 (Tex. App.--Houston [14th Dist.] 2001, no pet.)(party waived
objections to summary judgment evidence where there was no order in the record sustaining
objections, and the order granting summary judgment did not reflect that the trial court
considered objections); Well Solutions, Inc. v. Stafford, 32 S.W.3d 313, 317 (Tex. App.--San
Antonio 2000, no pet.)("In short, a trial court's ruling on an objection to summary judgment
evidence is not implicit in its ruling on the motion for summary judgment; a ruling on the
objection is simply not 'capable of being understood' from the ruling on the motion for
summary judgment.")

 In addition, the presence of a Mother Hubbard clause in the final judgment denies
claims for relief, but does not overrule objections. See Well Solutions, 32 S.W.3d at 317. 
As there is no order sustaining or overruling either party's objections, and nothing in the
judgment indicates the trial court considered them, the contested evidence remains a part of
the summary judgment evidence. See Wright v. Greenberg, 2 S.W.3d 666, 676 (Tex. App.--Houston [14th Dist.] 1999, pet. denied).

Applicable Law


 Chapter 451 of the Texas Labor Code, commonly called the Anti-Retaliation Law,
provides, "A person may not discharge or in any other manner discriminate against an
employee because the employee has . . . filed a workers' compensation claim in good faith"
or otherwise participated in a workers' compensation claim or suit in specified ways. Tex.
Lab. Code Ann. § 451.001 (Vernon 1996); see Kerrville State Hosp. v. Fernandez, 28
S.W.3d 1, 4 & n.1 (Tex. 2000). The purpose of the statute is "to protect persons entitled to
benefits under the Workers' Compensation Act and to prevent them from being discharged
for filing claims to collect those benefits." Trico Techs. Corp. v. Montiel, 949 S.W.2d 308,
312 (Tex. 1997) (per curiam). The Act is thus a statutory exception to the common-law
employment-at-will doctrine. Alayon v. Delta Air Lines, Inc., 59 S.W.3d 283, 287 (Tex.
App.--Waco 2001, pet. denied). 

 The essential elements of a retaliation cause of action are: (1) an employee, who (2)
is discharged or discriminated against in any manner (3) because the employee has filed a
workers' compensation claim in good faith and (4) the discharge or discrimination would not
have occurred when it did "but for" the filing of the claim. Tex. Lab. Code Ann. §
451.001(1) (Vernon 1996); Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450
(Tex. 1996); Alayon, 59 S.W.3d at 287. The employee has the burden of establishing a
causal link or connection between the employee's filing a workers' compensation claim and
the employer's alleged retaliatory action. Continental Coffee, 937 S.W.2d at 450; Duhon v.
Bone & Joint Physical Therapy Clinics, 947 S.W.2d 316, 319 (Tex. App.--Beaumont 1997,
no writ). The workers' compensation claim also need not be the sole cause of the
discrimination. See Jenkins v. Guardian Industries Corp., 16 S.W.3d 431, 436 (Tex. App.--Waco 2000, pet. denied).

 In workers' compensation retaliation claims, we apply a burden-shifting analysis. 
Jenkins 16 S.W.3d at 434, 441 (applying burden-shifting analysis in traditional summary
judgment). Once the employee has established the causal link, the employer bears the burden
to rebut the alleged retaliatory action by showing there was a legitimate reason behind it. 
Continental Coffee, 937 S.W.2d at 451. Then the employee has the burden either to: (1)
produce evidence raising a fact issue on whether the employer's stated reason was a pretext
for retaliatory action or (2) challenge the employer's summary judgment evidence as failing
to prove as a matter of law that the stated reason was legitimate and nondiscriminatory. See
Benners v. Blanks Color Imaging, Inc., 133 S.W.3d 364, 369 (Tex. App.--Dallas 2004, no
pet.)(applying burden-shifting analysis in no-evidence summary judgment and, as support,
citing M.D. Anderson Hosp. and Tumor Institute v. Willrich, 28 S.W.3d 22, 24 (Tex.
2000)(discrimination case)). The employee's subjective beliefs are, however, no more than
conclusions. Texas Division-Tranter, Inc. v. Carrozza, 876 S.W.2d 312, 314 (Tex. 1994).

 In his two issues, Aust asserts the trial court erred in granting summary judgment
because the District failed to show it had a legitimate reason for demoting him and reducing
his salary and, alternatively, if the district could establish a legitimate reason, summary
judgment still was improper because he presented evidence raising a fact issue on retaliatory
intent. Aust's contentions, however, presume that he first established a causal link between
the District's alleged retaliatory action and his filing the workers' compensation claim. See
Continental Coffee, 937 S.W.2d at 450. As the District maintains Aust failed to establish a
causal link, we first review Aust's evidence on that issue under the no-evidence standard. 
In doing so, we examine the record in the light most favorable to Aust and disregard all
contrary evidence and inferences. Chapman, 118 S.W.3d at 750-51. Aust is only required
to produce "more than a scintilla" to avoid summary judgment. Ridgway, 135 S.W.3d at 600.

 Aust may establish a causal link by either direct or circumstantial evidence.
Continental Coffee, 937 S.W.2d at 451; Jenkins, 16 S.W.3d at 435-36. Circumstantial
evidence may include: (1) knowledge of the compensation claim by those making the
decision on termination; (2) expression of a negative attitude toward the employee's injured
condition; (3) failure to adhere to established company policies; (4) discriminatory treatment
in comparison to similarly situated employees; and (5) evidence that the stated reason for the
discharge was false. Id. These five examples of circumstantial evidence, however, are not
necessary elements of retaliation. See Alayon, 59 S.W.3d at 289; Dallas Area Rapid Transit
v. Johnson, 50 S.W.3d 738, 741(Tex. App.--Dallas 2001, no pet.).

 While Aust maintains he presented both direct and circumstantial evidence of the
causal link, we review his circumstantial evidence first. Aust testified his supervisors knew
he had filed a workers' compensation claim and that Dick Perryman, one of his supervisors,
had expressed a negative attitude toward Aust's injured condition. On more than one
occasion after Aust's injury, Perryman told Aust he was not worth his salary. Aust also
testified he was not treated the same as other employees who were injured or ill, but had not
filed workers' compensation claims; those employees were allowed to work in the warehouse
on "light duty," an option not offered to Aust. In addition, Aust also presented evidence that
the District's stated reason for his transfer - safety concerns - was false. Aust testified he
was told he was being transferred because his position in the electrical department was being
eliminated, but that two months after he resigned, the District hired someone else to fill his
old position. Aust, thus, has presented circumstantial evidence on most of Continental
Coffee factors. See Continental Coffee, 937 S.W.2d at 451.

 Examining the record in the light most favorable to Aust, we find he has produced
more than a scintilla of circumstantial evidence of the causal link between the District's
alleged retaliatory action and his filing a workers' compensation claim. Chapman, 118
S.W.3d at 750-51. A review of Aust's direct evidence is unnecessary. (3)
 

 Having determined that Aust met his initial burden on causal link, we now consider
whether the District met its burden to show a legitimate reason for the alleged retaliation. 
Continental Coffee, 937 S.W.2d at 451. Through the affidavit of Robert H. Burns, the
District presented evidence that Aust was transferred for a legitimate reason - concern for
worker safety, a statutory duty of the employer. See Tex. Lab. Code Ann. § 411.103
(Vernon 1996).

 With the District's having provided evidence of a legitimate reason for transfer, the
burden became Aust's either to (1) produce evidence raising a fact issue on whether the
stated reason was a pretext for retaliatory action or (2) challenge the employer's summary
judgment evidence as failing to prove as a matter of law that the stated reason was legitimate
and nondiscriminatory. See Benners, 133 S.W.3d at 369.

 According to Aust, Perryman said Aust was being transferred because his position in
the electrical department was being eliminated. However, only two months after Aust
resigned, the District hired someone else to fill his old position, an action belying any neutral
reason for eliminating the job. Further, in its summary judgment motion, the District
articulated a completely different reason - worker safety - for Aust's transfer and the
resulting decrease in his salary. But whether worker safety was involved is also controverted
by Aust's testimony that his new duties were as physically challenging as his old ones had
been. 

 In addition, Aust provided a specific example of Perryman's negative attitude towards
Aust's injury. And, according to Aust, other specifically injured or ill employees who had
not filed workers' compensation claims were allowed to work in the warehouse on "light
duty," an option not offered to Aust. Aust's testimony thus provides some evidence that his
filing a workers' compensation claim was a factor in the District's decision to transfer him
to a lower paying job.

 Here, we review the record in the light most favorable to Aust, disregarding all
contrary evidence and inferences, to determine if Aust has produced more than a scintilla of
evidence raising a fact issue on whether the District's stated reason was a pretext for
retaliatory action. Ridgway, 135 S.W.3d at 601; Chapman, 118 S.W.3d at 750-51; see
Benners, 133 S.W.3d at 369. Indulging reasonable inferences from the record in favor of
Aust, we find Aust's testimony is more than a scintilla of evidence raising a fact issue on the
District's retaliatory intent. See Kokes v. Angelina College, No. 09-03-520-CV, 2004 WL
2002592 at *7 (Tex. App.--Beaumont Sept. 9, 2004, no pet. h.)(opinion on original
submission). 

 Issues one and two are sustained. The trial court's order granting summary judgment
in favor of the District is reversed, and this cause is remanded to the trial court for further
proceedings.

 REVERSED AND REMANDED.






 DON BURGESS

 Justice


Submitted on September 2, 2004

Opinion Delivered December 16, 2004



Before McKeithen, C.J., Burgess and Gaultney, JJ.

DISSENTING OPINION


 I respectfully dissent. Plaintiff admits he could not safely perform his job duties as
an electrician's helper. Under the circumstances, he needed a different job. The District
offered him a position at the same salary but with less strenuous requirements. Plaintiff
declined this offer because it would interfere with a second job he held with another
employer. 

 Robert Burns, CISD's Director of Facilities and Maintenance Operations, met with
Aust and concluded worker safety required a job transfer. He transferred plaintiff to a
different position in another department. That department had a different salary structure,
and the result was decreased pay for Aust. Certainly the transfer was a consequence of
Aust's injury, but there is no competent evidence Burns made the transfer decision in
retaliation for Aust filing a compensation claim. (4) 

 Aust says he was given a false explanation for his transfer. He says his old job was
not eliminated and his new job was not safer. However, even if the reason given to
plaintiff was false, that alone is insufficient to show a retaliatory motive for the transfer. 
Benners v. Blanks Color Imaging, Inc., 133 S.W.3d 364, 371 (Tex. App.--Dallas 2004,
no pet.). Liability is not based on the correctness of the employer's proferred explanation. 
In a case involving disability discrimination, the Supreme Court has held the relevant
inquiry is not solely whether a reason given by the employer was false, but whether
disability was a motivating factor. See Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d
735, 739 (Tex. 2003) (Plaintiff must show the reason proffered by the employer was false
and discrimination was a reason). The same is true here. Aust was required to submit
evidence that a factor in Burns' decision was retaliation for his filing a compensation
claim. See Elgaghil v. Tarrant County Junior Coll., 45 S.W.3d 133, 140 (Tex. App.--Fort
Worth 2000, pet. denied). Absent competent evidence retaliation was a motivating factor
for Burns' transfer decision, summary judgment was proper. I would affirm the trial
court's judgment.


 _________________________________

 DAVID GAULTNEY


Dissent Delivered

December 16, 2004
1. The District did not follow suggested standards for clearly delineating its basis for
summary judgment. Binur v. Jacobo, 135 S.W.3d 646, 651 (Tex. 2004). In fact, as its
standard of review, the motion articulates the traditional standard with citations to Nixon v.
Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex.1985). Additionally confusing
is the District's citation of Rule 166a(c) (the traditional rule) for certain standards that
actually are contained in Rule 166a(i)(the "no-evidence" rule). See Tex. R. Civ. P.166(a).
2. Neither the order nor the judgment contain any language indicating the trial court
reviewed "all competent summary judgment evidence," language that has been found
adequate to support a finding the trial court implicitly sustained objections to the appellant's
summary judgment evidence. See Frazier v. Yu, 987 S.W.2d 607, 610 (Tex. App.--Fort
Worth 1999, pet. denied). However, in an unpublished opinion, this Court previously has
declined to adopt the Frazier rationale. Nelson v. Dykeman, No. 09-01-226-CV, 2002 WL
538811, *1 to *3 (Tex. App.--Beaumont April 11, 2002, pet. denied)("we decline to impose
a rule that would essentially require the appellant to preserve error regarding the opposing
party's objections to the summary judgment record. Absent a clear indication that the trial
court actually excluded evidence offered in accordance with Rule 166a, its inclusion in the
record must be presumed.")
3. As direct evidence, Aust referred us to a transcript of a telephone conversation
between between Dick Perryman, one of Aust's supervisors, and a private investigator hired
by Aust to determine whether the District was providing negative references to Aust's
prospective employers. According to the transcription, Perryman cautioned the investigator
to look carefully at any job application of Aust's. Ultimately, Perryman stated he could not
rehire Aust, explaining that "I'm going to say something, and I - it's totally against what I
think I should do, but I'm going to do it anyway. Workers' comp." Perryman continued: 
"This conversation didn't happen." 


 The District, however, maintains the transcription is not competent summary judgment
evidence because Aust has not shown that the tape recording fairly represents the purported
conversation. The District further argues that while the individual who typed the transcript
has certified she accurately transcribed the tape, she does not know Perryman, has never
heard his voice and cannot properly authenticate the tape. 


4. Any reference to workers' compensation made by Perryman to someone he thought
was a prospective employer months after Aust left the District is not actionable as
retaliation. Retaliation claims under the Workers' Compensation Act require an
employer/employee relationship. See Stoker v. Furr's, Inc., 813 S.W.2d 719, 722 (Tex.
App.--El Paso 1991, writ denied). Furthermore, Perryman was not the ultimate decision-
maker for the transfer. Burns was.