Affirmed and Memorandum Opinion filed November 3, 2005









Affirmed
and Memorandum Opinion filed November 3, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00197-CV

____________

 

JAKE A. ENGLISH, Appellant

 

V.

 

DILLARD DEPARTMENT
STORES, INC.,
Appellee

 



 

On Appeal from the 295th
District Court

Harris County, Texas

Trial Court Cause No. 02-55432

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Jake A. English, appeals the summary judgment
granted in favor of appellee, Dillard Department Stores, Inc. (ADillard=s@), on his claim for retaliatory
discharge.  In his sole issue on appeal,
English claims the trial court erred in granting summary judgment because the
evidence demonstrates that his leave of absence did not extend over six months
at the time of the termination of his employment with Dillard=s. 
We affirm.  








On September 25, 1999, English started working for Dillard=s as a delivery driver for its distribution
warehouse.  On June 20, 2000, English
sustained an on-the-job injury.  English
took a ALeave of Absence@ (ALOA@) from his job at Dillard=s. 
Under Dillard=s LOA policy, the Amaximum length of any such absence is
six months, regardless of the reason for the LOA.@ 
If an employee fails to return to work Aat the end of the 6-month period,@ his employment will be
terminated.  On December 22, 2000,
Dillard=s terminated English=s employment for failing to return to
work from his LOA at the end of the six-month period. 

English sued Dillard=s alleging that his termination was
in retaliation for filing a workers= compensation claim in violation of
the Texas Workers= Compensation Act (the AAct@).[1]  Dillard=s moved for both traditional and
no-evidence summary judgment on English=s retaliatory discharge claim,
asserting that it terminated English=s employment pursuant to its neutral
LOA policy.  The trial court granted
Dillard=s traditional summary judgment.  

To prevail on a motion for summary judgment, a defendant must
establish that no material fact issue exists and that it is entitled to judgment
as a matter of law.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999).  Once the defendant establishes that no
genuine issue of material fact exists regarding an element of the plaintiff=s claim, the plaintiff must present
competent summary judgment evidence raising a fact issue on that element.  Guest v. Cochran, 993 S.W.2d 397, 401
(Tex. App.CHouston [14th Dist.] 1999, no
pet.).  In conducting our review of the
summary judgment, we take as true all evidence favorable to the nonmovant, and
make all reasonable inferences in the nonmovant=s favor.  KPMG Peat Marwick v. Harrison County Hous.
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  A defendant, as movant, is entitled to
summary judgment if it either disproves at least one essential element of each
of the plaintiff=s causes of action or establishes all the elements of an
affirmative defense.  American Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  








The Act prohibits an employer from discharging an employee
for filing a workers= compensation claim in good faith.  Tex.
Lab. Code Ann. ' 451.001(1).  Section
451.001 is a statutory exception to the common-law employment-at-will
doctrine.  Winters v. Houston
Chronicle Publ=g Co., 795 S.W.2d 723, 724 n.1 (Tex. 1990). 
The purpose of the Act is to protect employees entitled to benefits and
prevent their discharge because they attempted to collect such benefits.  Carnation Co. v. Borner, 610 S.W.2d
450, 453 (Tex. 1980).  

The elements of a cause of action for retaliatory discharge
are (1) an employee, (2) is discharged or discriminated against in any manner,
(3) because the employee has filed a workers= compensation claim in good faith,
and (4) that Abut for@ the employee=s filing of a workers= compensation claim, the discharge
would not have occurred when it did.  Alayon
v. Delta Air Lines, Inc., 59 S.W.3d 283, 287 (Tex. App.CWaco 2001, pet. denied).  Thus, the employee must demonstrate that the
employer=s action would not have occurred when
it did had the employee not filed the workers= compensation claim.  Haggar Clothing Co. v. Hernandez, 164
S.W.3d 386, 388 (Tex. 2005) (per curiam). 









As part of his prima facie case, the employee must establish
a causal link between the filing of the workers= compensation claim and the
discharge.  Wal-Mart Stores, Inc. v.
Amos, 79 S.W.3d 178, 186 (Tex. App.CTexarkana 2002, no pet.); Castor
v. Laredo Cmty. College, 963 S.W.2d 783, 785 (Tex. App.CSan Antonio 1998, no pet.).  The causal connection may be established by
direct or circumstantial evidence.  Polansky
v. Southwest Airlines Co., 75 S.W.3d 99, 103 (Tex. App.CSan Antonio 2002, no pet.); Garcia
v. Allen, 28 S.W.3d 587, 600 (Tex. App.CCorpus Christi 2000, pet.
denied).  Circumstantial evidence that
may show the causal link includes (1) knowledge of the compensation claim by
those making the decision on termination, (2) expression of a negative attitude
toward the employee=s injured condition, (3) failure to adhere to established
company policy, (4) discriminatory treatment in comparison to similarly
situated employees, and (5) evidence that the stated reason for the discharge
was false.  Continental Coffee Prods.
Co. v. Cazarez, 937 S.W.2d 444, 451 (Tex. 1996); Amos, 79 S.W.3d at
186.  To satisfy this burden, it is not
necessary for the employee to show that the sole reason for the discharge was
the filing of a workers= compensation claim, but that it was a determining factor in
the discharge.  Polansky, 75
S.W.3d at 103; Terry v. Southern Floral Co., 927 S.W.2d 254, 257 (Tex.
App.CHouston [1st Dist.] 1996, no
writ).  

Once the employee has established the causal link, the burden
then shifts to the employer to establish legitimate nondiscriminatory reason
for the discharge.  Lozoya v. Air Sys.
Components, Inc., 81 S.W.3d 344, 348 (Tex. App.CEl Paso 2002, no pet.); Castor,
963 S.W.2d at 785.  The burden then
shifts back to the employee to produce controverting evidence of a retaliatory
motive.  Lozoya, 81 S.W.3d at 348;
Garcia, 28 S.W.3d at 600.  The
retaliatory motive can be established by direct or circumstantial
evidence.  Alayon, 59 S.W.3d at
287.  

Dillard=s did not argue in its motion for summary judgment and does
not argue on appeal that English did not establish the causal link.  Therefore, we shall assume a fact issue
exists on whether there is a causal link. 
Lozoya, 81 S.W.3d at 348; Polansky, 75 S.W.3d at 103; Terry,
927 S.W.2d at 257.  

Dillard=s moved for summary judgment on the
ground that it discharged English pursuant to its neutral LOA policy.  Dillard=s written LOA policy, which is found
in its AAssociate Work Rules, General
Policies and Benefits,@ states, in relevant part:

Subject to the location=s
Attendance Policy, associates must notify their immediate
supervisor and/or Management of any absence as soon as possible before
the actual absence.  All absences must be
approved before the time off may be taken. 
Any change in the status or length must be communicated to and approved
by Management before the expected return date, or the absence immediately
becomes >Unauthorized= and subject to disciplinary action, including
discharge.

                                                                   *        *       
*








2.         Leave
of Absences (LOA) B any absence in the categories below that will be over
one week in duration must be an approved LOA and entered into the
on-line system as such, regardless of whether or not a paid benefit such as
vacation or sick leave is used.  The LOA
start date is the associate=s Last Day Worked + 1. 
Associates are eligible for a LOA after completing 6 months
employment.  Associates with less than 6
months continuous service are eligible for a maximum of one week=s absence for emergencies only. . . .
Any LOA request must be pre-approved before it is
authorized.  The following absences are
valid candidates for an approved LOA.

                                                                   *        *       
*

c.         On-The-Job-Injuries covered by Workers= Compensation - (6 months employment eligibility is waived)
medical absences for on-the-job-injuries are automatically an
Approved LOA, starting the first day of the absence.  However such absences MUST be entered on-line
as an LOA and appropriate FMLA/LOA forms given to the associate as soon
as possible.

3.         Job
Placement Upon Return B the Company will make a concerted effort to place the
associate in the same or comparable position in the Company at the same rate of
pay, but this cannot be guaranteed for all situations.  The maximum length of any such absence is
6 months, regardless of the reason for the LOA. 
In addition, the maximum cumulative LOA(s) during any 12 month period
starting on the first day of LOA is also 6 months (calculation is the same as
for FMLA B a rollng 12-month preceding method).  If the associate cannot return to work at the
end of the 6-month period, the associate will be terminated.  Any
extensions beyond that period may only be permitted after obtaining advance
approval from the Corporate Office. 
Extensions are limited to associates with 10 or more years service with
the Company, medically certified as unable to perform any work for any
employer.  All benefits (Vacation/Sick
Leave) will be paid as appropriate during the LOA.








4.         Unauthorized
Absences B any Absence that is not With Pay, or
an Approved and documented Leave of Absence (LOA) will be considered >Unauthorized=. 
Unauthorized Absences are considered violations of the Associate Work
Rules (see #2) and are subject to disciplinary action, including
discharge.  Failure to return from an LOA
by the >expected return date= and/or Doctor=s release date is also >Unauthorized= and subject to immediate discharge.[2]  

Thus, Dillard=s LOA policy provides the Amaximum length@ of an employee=s LOA is six months, and the employee
will be discharged if he does not return to work at the end of the six-month
LOA.  Dillard=s LOA policy provides an extension
for employees who have been with Dillard=s for a minimum of ten years.  

Attached
to its motion for summary judgment is the affidavit of Ed Auffert, Assistant to
the Vice President and General Counsel of Dillard=s, Inc.  In his affidavit, Auffert explains that
Dillard=s policy on absences, as found in the
AAssociate Work Rules, General
Policies and Benefits,@ provides that any employee on leave of absence for more than
six months will be terminated.  Auffert
further states: 

8.         Records
reflect that Mr. English was injured in an accident on June 20, 2000 and
thereafter was on leave of absence. . . . Since he did not return to work
within six months of beginning his leave, he was terminated pursuant to the
policy discussed in the preceding paragraph. 
The Separation Data Form states that the termination, on December 22,
2000, was due to Mr. English=s failure to return from leave of absence.

 

9.                     As
part of my job duties, I send a monthly report to Dillard=s operating locations regarding
employees who reach the maximum (six months) leave of absence during that month
and thus are to be terminated under Dillard=s policy described above.  In early December, I provided such
information to the Post Oak store where Mr. English worked and advised that his
maximum return date was December 22, 2000. 
As he did not return to work, he was terminated pursuant to Dillard=s leave of absence policy.








Dillard=s has provided a legitimate reason for discharging
English.  An employer is not liable for
retaliatory discharge for discharging an employee pursuant to the uniform
enforcement of a reasonable absence-control policy.  Haggar Clothing Co., 164 S.W.3d at
388; Texas Div.-Trantor, Inc. v. Carrozza, 876 S.W.2d 312, 313 (Tex.
1994) (per curiam).  

Because Dillard=s has provided a legitimate reason
for the discharge, English bears the burden of coming forth with evidence of a
retaliatory motive.  Thus, he must
produce evidence that would call into question Dillard=s explanation for his discharge,
thereby creating a fact issue about its true motive for discharging him.  See Carrozza, 876 S.W.2d at 314.  

English argues his termination was premature because he had
not been on LOA for six months when Dillard=s terminated his employment in
violation of its own LOA policy.  Thus,
he argues this demonstrates that Dillard=s did not apply its LOA uniformly and
that Dillard=s discriminated against him by not
affording him the same considerations as similarly situated employees.  The discriminatory application of an absence
control policy may provide circumstantial evidence of retaliatory conduct.  Haggar Clothing Co., 164 S.W.3d at
389; see also Cazarez, 937 S.W.2d at 451 (AAn employer who terminates an
employee for violating such a rule cannot be liable for retaliatory discharge
as long as the rule is uniformly enforced.@). 


English contends that Dillard=s could not terminate his employment
until December 23, 2000, rather than December 22, because the first day of his
LOA did not begin until June 23, 2000, not June 22 (as indicated on the ASeparation Data Form@). 
In support of this assertion, English relies on his AEmployee Injury Entry@ (attached to his response to the
motion for summary judgment) showing that his LOA commenced on June 23,
2000.  Therefore, according to English,
because his LOA did not start until June 23, 2000, he was not on LOA over six
months when he was terminated on December 22, 2000.  








Assuming that Dillard=s terminated English=s employment one day prior to the end
of the six-month period, we fail to see how this raises a fact issue on
retaliatory motive.  See Miller v.
Merlin Express, Inc., No. 04-94-00785-CV, 1995 WL 654558, at *6 (Tex. App.CSan Antonio Nov. 8, 1995, writ
denied) (not designated for publication) (rejecting argument that fact that
termination form was dated one day prior to actual date of termination was
evidence of retaliatory motive). 
Moreover, English=s statements that the LOA policy was not applied uniformly
are not supported by any evidenceCeither direct or circumstantial, but
are merely conclusions.  An employee=s subjective beliefs are merely
conclusions and do not raise a fact issue precluding summary judgment in a
retaliatory discharge action.  Cazarez,
937 S.W.2d at 451; Carrozza, 876 S.W.2d at 314.[3]  

To further bolster his position that his employment was
terminated prematurely, English asserts that at the time of his injury and when
he took his LOA, he had accrued a week of combined sick and vacation leave
time.  According to English, the
six-month LOA period is exclusive of any other available leave time and
employees must exhaust accrued sick and vacation leave before taking any unpaid
leave.  However, because English did not
raise this argument in response to Dillard=s motion for summary judgment, it is
waived and cannot serve as a ground for reversal.  See Tex.
R. Civ. P. 166a(c) (AIssues not expressly presented to the trial court by written
motion, answer or other response shall not be considered on appeal as grounds
for reversal.@); McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 341, 343 (Tex. 1993) (explaining that
non-movant in summary judgment proceeding must expressly present any issues he
contends defeat movant=s entitlement to summary judgment by written answer or
response to motion for summary judgment). 









An additional matter we must address is the evidence attached
to English=s motion for reconsideration of the
trial court=s order granting summary judgment
that was not submitted in support of his response to the motion for summary
judgment.  Rule 166a(c) of the Texas
Rules of Civil Procedure states that summary judgment shall be rendered on the
summary judgment evidence on file at the time of the hearing, or filed
thereafter and before judgment with permission of the trial court.  Tex.
R. Civ. P. 166a(c).  Therefore, we
may not consider any evidence filed after the trial court had granted summary
judgment.  Gandara v. Novasad, 752
S.W.2d 740, 743 (Tex. App.CCorpus Christi 1988, no writ) (stating appellate court would
not consider affidavit that was not filed until after granting of summary
judgment); Axcell v. Phillips, 473 S.W.2d 554, 560 (Tex. Civ. App.CHouston [1st Dist.] 1971, writ ref=d n.r.e.) (holding it was not abuse
of discretion for trial court to refuse to consider evidence filed after it had
granted summary judgment). 

Also attached as appendices to English=s myriad briefs in this court are
numerous documents that are not part of the appellate record.  The attachment of documents as appendices to
appellate briefs is not formal inclusion in the record on appeal and,
therefore, and will not be considered on appeal.  Nguyen v. Intertex, Inc., 93 S.W.3d
288, 293 (Tex. App.CHouston [14th Dist.] 2002, no pet.); Mitchison v. Houston
Indep. Sch. Dist., 803 S.W.2d 769, 771 (Tex. App.CHouston [14th Dist.] 1991, writ
denied); see also Guajardo v. Conwell, 46 S.W.3d 862, 864 (Tex. 2001)
(per curiam) (stating court would not consider order not included in clerk=s record).  








Thus, in addition to the summary judgment evidence submitted
by Dillard=s in support of its motion for
summary judgment, the only other evidence we will consider are the exhibits
attached to English=s response to Dillard=s motion for summary judgment, which
include (1) ADefendant=s Response to Plaintiff=s Addendum Request for Admissions@ (responses to requests 1B7), dated February 3, 2003, (2) ADefendant=s Responses to Plaintiff=s Second Request for Admissions@ (responses to requests 1B6), dated May 2, 2003, (3) ADillard=s Associate Work Rules, General
Policies and Benefits,@ (4) English=s ASeparation Data Form,@ (5) a print out of English=s AEmployee Injury Entry,@ and (6) ADefendant=s Objections and Answers to Plaintiff=s Initial Set of Interrogatories to
Defendant@ (responses to interrogatories 1B15), dated April 11, 2003.  

Finally, English has requested that we take judicial notice
of various matters and documents purportedly raising fact issues.  Because these matters and documents were
either not raised in response to Dillard=s motion for summary judgment or are
not part of the appellate record, we deny English=s motion to take judicial
notice.  

We conclude that Dillard=s established a legitimate
nondiscriminatory reason for English=s discharge.  Because English failed to present any
controverting evidence of retaliatory motive for his discharge, the trial court
did not did err in granting Dillard=s motion for summary judgment.  English=s sole issue on appeal is overruled.[4]  

Accordingly, the judgment of the trial court is
affirmed.  

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed November 3, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  See Tex. Lab. Code Ann. ' 451.001 (Vernon 1996).  





[2]  Emphasis in
original.  





[3]  We note that
in APlaintiff=s
Traverse to Defendant=s Response to Plaintiff=s Motion
for Reconsideration of the Summary Judgment Order,@ English complains that Dillard=s Adenied [his] request@ to
produce Adocuments that would have shown that the leave of
absence was applied in a discriminatory manner . . .@  Attached to
English=s ATraverse,@ is a
copy of Dillard=s objection to his request for the production of Aassociates who have been terminated for violating the
six (6) month leave of absence policy.@  Rule 193.4 of the Texas Rules of Civil Procedure
provides that any party may at any reasonable time request a hearing on an
objection to a request for discovery.  Tex. R. Civ. P. 193.4.  The record does not show that English
requested a hearing on Dillard=s objection to his request for production or otherwise
complained to the trial court of Dillard=s
refusal to produce until after the trial court had entered a final
judgment.  Moreover, he does not raise
any complaint on appeal about the lack of production.  It is well-settled that grounds of error not
asserted on appeal are waived.  San
Jacinto River Auth. v. Duke, 783 S.W.3d 209, 209B10 (Tex. 1990) (per curiam).





[4]  In his
supplemental original petition, English also brought a cause of action for
negligence.  Dillard=s did not move for summary judgment on English=s negligence claim. 
The trial court, nonetheless, granted summary judgment on that claim,
stating, APlaintiff=s claims
are DISMISSED WITH PREJUDICE.  This is a
final judgment and disposes of all claims of all parties.@  The language
of the final summary judgment leaves no doubt that the trial court intended
that this be a final and appealable judgment. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001).  Granting a motion for summary judgment on
causes of action not addressed in the motion is reversible error.  Mafrige v. Ross, 866 S.W.2d 590, 591
(Tex. 1993), overruled on other grounds by Lehmann, 39 S.W.3d at
204.  However, English does not complain
on appeal of the trial court=s granting of summary judgment on his negligence
claim, thereby waiving any error.  See
Jacobs v. Satterwhite, 65 S.W.3d 653, 655 (Tex. 2001) (per curiam) (holding
appellant waived error when he failed to complain on appeal about the granting
of summary judgment on professional negligence claim).