

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00260-CV

KENNY JONES,

                                                    Appellant

 v.

NRG TEXAS, LLC,

                                                    Appellee

_____

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 30,721-A**

## MEMORANDUM OPINION

Kenny Jones filed suit again NRG Texas, LLC for wrongful termination based upon a claim of workers' compensation retaliation. The trial court granted summary judgment in favor of NRG Texas, LLC. We affirm.

## Background

Jones began his employment with NRG on March 17, 2008.[1] On February 21, 2011, Jones was replacing the seals on covers in the plant's ductwork. Jones was instructed to remove the old seal covers, which are made of steel and weighed about ten to fifteen pounds, and transport them to the shop for new seals to be installed. As Jones was removing a seal cover, it slipped from his hand and struck him in the thigh. Jones informed his crew leader, David Scott, about the injury and the pain he was experiencing. Scott instructed another worker to take Jones to the locker room and put ice on his thigh.

After putting ice on his thigh, Jones went to the plant's first aid clinic for treatment. At the plant's first aid clinic, Jones saw the plant Safety Leader, Monte Atchley, and told him about the injury. Atchley instructed Jones to go home for the day. Jones reported for work the next morning. Jones says that he asked to be assigned to another job that would not require him to go up and down stairs, but his request was denied. Jones sought out a Union Steward who escorted Jones to the plant first aid clinic for medical treatment. On February 23, 2011, Craig Warren, the Operations Manager in Maintenance, took Jones to the Limestone Medical Clinic Emergency Room for treatment. Jones was evaluated, and x-rays were taken of his leg. Jones was instructed to take Motrin as need for pain, and he was released to return to work.

---

[1] There is a dispute over whether Jones's employer was NRG Texas, LLC or NRG Energy, Inc. We will refer to Jones's employer as NRG except where relevant to the argument before us.

After returning to work, Jones again asked to be assigned to a position that did not require him to climb stairs, but his request was denied. Jones had conflicts with his crew leaders and others after his return. On September 12, 2011, Jones was terminated for insubordination, and he filed a grievance. The arbitrator ruled in Jones's favor finding that Jones should have received progressive discipline, but also finding that Jones did engage in actionable misconduct. As a condition of his reinstatement, Jones agreed that "if at any time in the next two years he should engage in insubordinate conduct his employment may be summarily ended."

Jones returned to work in October 2012, and he reported to a different crew leader. Jones was late for work on a few occasions because he did not have reliable transportation. Jones also returned to work without a valid driver's license which was a requirement of his employment. Jones was given time off from work to obtain a driver's license, but he did not obtain his license. Jones admitted to driving company trucks on the property with other employees in the vehicle.

Jones took medical leave from April 1, 2013 until May 15, 2013, due to stress and anxiety he was experiencing at work and in his personal life. NRG contends that Jones failed to timely and correctly report his absences from work. His medical leave was extended until June 15, 2013 when he was released to return to work. NRG suspended Jones pending an investigation for failing to properly report his absences from work.

NRG was also investigating Jones for drawing threatening messages and images on his toolbox. On June 28, 2013, Jones was terminated.

## Summary Judgment

Jones argues in five issues on appeal that the trial court erred in granting NRG's no evidence and traditional motion for summary judgment. We review the trial court's granting of a motion for summary judgment de novo. The movant in a traditional summary judgment motion must show that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). The granting of a no-evidence motion will be sustained when the evidence offered by the non-movant to prove a vital fact is no more than a mere scintilla. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). When the trial court does not specify the grounds upon which it ruled, the summary judgment may be affirmed if any of the grounds stated in the motion is meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005).

## Wrongful Termination

Section 451.001 of the Texas Labor Code provides that:

A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a workers' compensation claim in good faith;
(2) hired a lawyer to represent the employee in a claim;

TEX. LAB. CODE ANN. § 451.001 (West 2015). An employee must prove that "but for" his filing of a workers' compensation claim, the termination would not have occurred when it did. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 435 (Tex.App. – Waco 2000, pet. denied). The Supreme Court has noted factors which, if proven by the employee, are considered circumstantial evidence of this "causal link." *Continental Coffee*, 937 S.W.2d at 450-51. These include: (1) knowledge of the compensation claim by those making the decision on termination; (2) expression of a negative attitude toward the employee's injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment in comparison to similarly situated employees; and (5) evidence that the stated reason for the termination was false. *Continental Coffee Prods. Co. v. Cazarez*, 903 S.W.2d 70, 77 (Tex. App.—Houston [14th Dist.] 1995), *aff'd in part and rev'd in part on other grounds*, 937 S.W.2d 444 (Tex. 1996)).

But, when an employer moves for summary judgment asserting that the employee's termination was unrelated to his compensation claim, the employee has not been called on to produce evidence of the employer's motive. *Alayon v. Delta Air Lines, Inc.*, 59 S.W.3d 283, 288 (Tex. App.—Waco 2001, pet. denied); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d at 441. Only after the employer's summary judgment evidence establishes a legitimate, non-discriminatory reason for the termination, is the employee required to come forward with summary judgment evidence of a retaliatory motive, *i.e.*,

the causal link. *See Texas Division-Tranter v. Carrozza*, 876 S.W.2d 312, 313-14 (Tex. 1994); *Alayon*, 59 S.W.3d at 288; *Jenkins*, 16 S.W.3d at 441. *See also M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 24 (Tex. 2000). The ultimate question will be whether the evidence of a causal link is so strong as to justify a finding that the employer had a retaliatory motive. *Jenkins*, 16 S.W.3d at 442.

### Employer's Reasons for Discharge

In the motion for summary judgment, NRG alleged that NRG Texas, LLC was not Jones's employer and that NRG Energy, Inc. is his actual employer. NRG contends that there can be no retaliation between NRG Texas, LLC and Jones because NRG Texas, LLC did not employ Jones. The workers' compensation report lists NRG Energy, Inc. as Jones's employer. The explanation of benefits lists NRG Energy, Inc. as Jones's employer and as the insured. Jones's current W-2 form states that NRG Energy, Inc. is his employer, and Jones's pay stub and earnings statement lists NRG Energy, Inc. as his employer.

NRG also argues in the motion for summary judgment that NRG Energy, Inc., Jones's actual employer, provided legitimate reasons for terminating his employment. NRG contends that after an investigation, Jones was terminated for insubordination, arguments with co-workers and threats to co-workers, failure to obtain a valid driver's license, and failure to properly report absences from work.

The summary judgment evidence established that Jones did not have a valid driver's license as required by his employment. The summary judgment evidence further

established that Jones had confrontations with his co-workers and supervisors, and that he drew the images and statements on his tool box. Jones was late for work on multiple occasions and was absent from work without properly reporting his absence. NRG established a legitimate, non-discriminatory reason for terminating Jones.

## Causal Link

Jones must show that "but for" his filing of a workers' compensation claim, the termination would not have occurred when it did. *See Continental Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996); *Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 435 (Tex.App. – Waco 2000, pet. denied). Jones filed the workers' compensation claim in February of 2011, and he was terminated in June of 2013. Jones's workers' compensation claim for $330 was paid in 2011, and Jones did not miss any work because of the claim. The two year lapse between the filing of the claim and the termination impedes a finding of retaliation.

*Knowledge*

Gary Mechler, the general manager for NRG, stated in his affidavit that it was his decision to fire Jones. Mechler further stated that his decision was based upon the investigation report of Human Resources Manager Rebecca Sheets and that he was unaware Jones had filed a workers' compensation claim in 2011. Rebecca Sheets also stated in her affidavit that she was unaware that Jones had ever sought or received workers' compensation benefits. This evidence is not controverted.

*Negative Attitude*

Jones alleges that Scott, his crew leader at the time of his injury, and Atchley, the plant safety leader, made negative comments about his injury. Stray remarks by people not involved in the termination decision are generally insufficient to show discrimination. *Clevinger v. Fluor Daniel Services Corp.*, No. 10-11-00288-CV, 2012 Tex.App. LEXIS 3128, (Tex.App. – Waco April 18, 2012, no pet.) (mem.op., not designated for publication.); *Willis v. Nucor Corp.*, 282 S.W.3d 536, 537 (Tex.App. – Waco 2008, no pet.). Jones does not provide any evidence that Sheets or Mechler, who made the decision to fire him, made negative comments concerning the injury or the claim. *Clevinger v. Fluor Daniel Services Corp.*, No. 10-11-00288-CV, 2012 Tex.App. LEXIS 3128 at *11.

*Failure to Adhere to Established Company Policies*

Jones argues that NRG failed to follow established company policies by not applying the progressive discipline policy and also by not following its drug testing policy. As a condition for reinstatement, Jones signed an acknowledgement that he could be terminated at any time if he engaged in insubordinate conduct. On August 16, 2011, Jones was required to take a drug test because his supervisor allegedly observed Jones with glassy eyes, shakes, agitation, loud speech, and sweating. The record shows that NRG documented odd behavior from Jones and filled out the reasonable suspicion drug test form. Jones has not shown a failure to follow company policy.

*Discriminatory Treatment in Comparison to Similarly Situated Employees*

Jones provides examples of other employees who he claims were treated better than him. "Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct." *Ysleta Independent School District v. Monarrez*, 177 S.W.3d 915, 917 (Tex.2005). Most of the employees cited by Jones held different positions than he did or had different supervisors. Jones cites one employee who had the same supervisor and position as he did who completed computer training for another employee and was not terminated. That conduct is not similarly situated to that of Jones. Jones provided no evidence of discriminatory treatment for an employee with the same job title and supervisor who was insubordinate, did not have a valid driver's license, drew threatening images on a tool box, and failed to correctly report absences.

*Stated Reason for Termination is False*

Jones has not provided any evidence that the stated reasons for his termination were false. Jones admits that he does not have a valid driver's license. He further admits altercations with other employees and supervisors and drawing the images on his toolbox. Jones also admits that he did not comply with attendance rules.

NRG presented evidence of a legitimate non-discriminatory reason for Jones's termination. The summary judgment evidence presented by Jones amounts to no evidence of a retaliatory motive by NRG. We find that the trial court did not err in

granting NRG's no evidence and traditional motion for summary judgment. We overrule

Jones's five issues on appeal.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice


Before Justice Davis,
  Justice Scoggins, and
  Judge Fancy Jezek[2]
Affirmed
Opinion delivered and filed April 26, 2017
[CV06]



---

[2] The Honorable Judge Fancy Jezek, Judge of the 426th District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 74.003(a) (West 2013).