Jose G. LOZOYA, Appellant,

v.

**AIR SYSTEMS COMPONENTS, INC., Appellee.**

No. 08–00–00515–CV.

Court of Appeals of Texas, El Paso.

March 21, 2002.

Rodrigo V. Ramos, El Paso, for appellant.

Charles C. High, Jr., Kemp, Smith, Duncan & Hammond, Cynthia S. Anderson, Kemp Smith, P.C., El Paso, for appellee.

Before Panel No. 2: BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Jose G. Lozoya (Lozoya) appeals from a summary judgment rendered in favor of Air Systems Components, Inc. (ASC). We affirm.

### FACTUAL SUMMARY

In 1998, Lozoya was employed by ASC, a manufacturer of metal registers that cover air conditioning and heating ducts. ASC had previously entered into a collective bargaining agreement with the Sheet Metal Workers International Association, Local Union 49. The union contract covered all 300 employees of ASC, including Lozoya, even though he was not a member of the union. The union contract required that an employee be terminated if any company-approved leave of absence, including a medical leave of absence, exceeded 180 days.

On April 27, 1998, Lozoya suffered a work-related injury which he immediately reported to his supervisor. He filed an accident report and was driven to a doctor by another ASC employee. The doctor excused Lozoya from work and ASC granted him a medical leave of absence. On May 12, 1998, Lozoya attempted to return to work, but could not function due to pain. ASC instructed Lozoya to return to his doctor. The doctor gave Lozoya a note taking him off of work. Lozoya took the note to the personnel office at ASC and then left the premises. He did not return to work or communicate with anyone at ASC for the next several months. During this time, Lozoya's doctor faxed notes to ASC's human resources office extending his medical leave of absence. On October 29, 1998, Lozoya received a letter from ASC's Human Resources Administrator notifying him that he had been terminated because his leave of absence had exceeded 180 days.

ASC initially disputed Lozoya's claim for worker's compensation benefits on the ground he had not been injured at work. On October 7, 1998, a hearing officer of the Texas Worker's Compensation Commission determined that Lozoya had suffered a compensable injury. An appeals panel affirmed the decision on December 4, 1998.

Lozoya filed suit for retaliatory discharge against ASC pursuant to Section 451.001 of the Texas Labor Code.[1] ASC filed a motion for summary judgment pursuant to Rules 166a(i) and 166a(b) of the Texas Rules of Civil Procedure, alleging that Lozoya was terminated pursuant to a uniformly applied attendance control policy, and therefore, he could not meet his burden of proving that his discharge would not have occurred when it did but for the fact that he filed a worker's compensation claim. The trial court granted summary judgment without specifying the basis for its ruling.

### TRADITIONAL SUMMARY JUDGMENT

In the sole issue raised on appeal, Lozoya asserts that the trial court erred in granting summary judgment because there are genuine issues of material fact related to the causation element. ASC

---

1. TEX.LAB.CODE ANN. § 451.001 (Vernon 1996).

responds that the trial court properly granted summary judgment because the evidence conclusively established that Lozoya was terminated pursuant to a reasonable, uniformly-enforced absence control policy, and Lozoya offered no evidence to challenge ASC's explanation of the reason for his termination.

### Standard of Review

The standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that a judgment should be granted as a matter of law. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Nixon v. Mr. Property Mgmt. Co., Inc.,* 690 S.W.2d 546, 548 (Tex.1985); *Duran v. Furr's Supermarkets, Inc.,* 921 S.W.2d 778, 784 (Tex.App.-El Paso 1996, writ denied). Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970); *Duran,* 921 S.W.2d at 784. In resolving these issues, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor. *Nixon,* 690 S.W.2d at 548–49; *Duran,* 921 S.W.2d at 784.

### Retaliatory Discharge

■ Section 451.001 provides that: A person may not discharge or in any other manner discriminate against an employee because the employee has:

(1) filed a worker's compensation claim in good faith;

(2) hired a lawyer to represent the employee in a claim;

(3) instituted or caused to be instituted in good faith a proceeding under Subtitle A; or

(4) testified or is about to testify in a proceeding under Subtitle A.

TEX.LAB.CODE ANN. § 451.001. Section 451.001 is a statutory exception to the Texas common-law doctrine of employment-at-will. *Jenkins v. Guardian Industries Corp.,* 16 S.W.3d 431, 435 (Tex.App.-Waco 2000, pet. denied). The purpose of this section is to protect persons entitled to benefits under the Workers' Compensation Act and to prevent them from being discharged for filing claims to collect those benefits. *Trico Technologies Corp. v. Montiel,* 949 S.W.2d 308, 312 (Tex.1997). Thus, the section has both remedial and deterrence objectives. *See id.* An employee can recover damages for retaliatory discharge under this provision only if he proves that without his filing a workers' compensation claim, the discharge would not have occurred when it did. *Continental Coffee Products Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996); *Urquidi v. Phelps Dodge Refining Corporation,* 973 S.W.2d 400, 403 (Tex.App.-El Paso 1998, no pet.). This causal link may be established by direct or circumstantial evidence. *Paragon Hotel Corp. v. Ramirez,* 783 S.W.2d 654, 658 (Tex.App.-El Paso 1989, writ denied). Circumstantial evidence sufficient to establish a causal link between termination and filing a compensation claim includes:

● knowledge of the compensation claim by those making the decision to terminate;

● a negative attitude toward the employee's injured condition;

● failure to adhere to established company policies;

• discriminatory treatment of the injured employee in comparison to similarly situated employees; and

• providing incentives to refrain from reporting on-the-job injuries.

*Wyler Industrial Works, Inc. v. Garcia,* 999 S.W.2d 494, 501 (Tex.App.-El Paso 1999, no pet.). Proof that the stated reasons for the discharge are false is sufficient to establish that the employee was terminated in violation of Section 451.001. *Id., citing Continental Coffee,* 937 S.W.2d at 452.

■ Once the causal link is established, it is the employer's burden to rebut the alleged discrimination by demonstrating there was a legitimate reason for the discharge. *Terry v. Southern Floral Co.,* 927 S.W.2d 254, 257 (Tex.App.-Houston [1st Dist.] 1996, no pet.). Thereafter, in order to survive a motion for summary judgment, the burden shifts back to the employee to produce controverting evidence of a retaliatory motive. *Terry,* 927 S.W.2d at 257, *citing Texas Division–Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 314 (Tex. 1994).

*Discharge Pursuant to Enforcement of a Reasonable Absence–Control Policy*

■ ASC maintained in its motion for summary judgment that it terminated Lozoya pursuant to an absence-control policy. Uniform enforcement of a reasonable absence-control provision does not constitute retaliatory discharge. *Continental Coffee,* 937 S.W.2d at 451; *Carrozza,* 876 S.W.2d at 313. If an employee's termination is required by the uniform enforcement of a reasonable absentee policy, then it cannot be said that termination would not have occurred when it did but for the employee's assertion of a compensation claim or other conduct protected by Section 451.001. *Continental Coffee,* 937 S.W.2d at 451. Consequently, an employer who terminates an employee for violating such a rule cannot be liable for retaliatory discharge so long as the rule is uniformly enforced. *Continental Coffee,* 937 S.W.2d at 451.

ASC established through its summary judgment evidence, that Lozoya was terminated pursuant to Article XVIII, Section 5(F) of the union contract:

*Section 5. TERMINATION OF SE-NIORITY.* Seniority and the employment relationship shall be broken and terminated when an employee:

. . .

(F) [sic] Any other leave of absence approved by the Company including medical leave of absence, for more than 180 days.

The summary judgment evidence included the affidavit and deposition testimony of Mary Calderon, the company Human Resources Administrator. It was Calderon's responsibility to administer and enforce ASC's personnel policies. She made the decision to terminate Lozoya pursuant to Section 5(F). The summary judgment evidence conclusively established that ASC applied this policy uniformly and without exception to both work-related and non-work-related leaves of absence. Because ASC established a non-discriminatory basis for the discharge, the burden shifted to Lozoya to produce some evidence of a retaliatory motive. *See Terry,* 927 S.W.2d at 257.

■ In his response to the motion for summary judgment, Lozoya attempted to show that the person making the decision to terminate him had knowledge of his compensation claim, that ASC demonstrated a negative attitude toward his injured condition, and that the stated reasons for termination were false. It is undisputed that Calderon had knowledge of Lozoya's compensation claim. As evidence of a neg-

ative attitude, Lozoya alleged that ASC had contested his compensation claim and conducted surveillance of him. He stated in his affidavit that Calderon informed him that the company "disagreed that [his] injury had occurred at work because they had two witnesses who said otherwise." The company's carrier, Insurance Company of the State of Pennsylvania, contested the compensation claim and then appealed the hearing officer's adverse decision. Legally justified conduct is not probative of discrimination under Chapter 451, nor does it demonstrate a negative attitude. *See Continental Coffee,* 937 S.W.2d at 451 (stating that termination of employee pursuant to absence-control policy is legally justified conduct and is not indicative of a negative attitude). Logically, then, the exercise of an employer's statutory right to challenge an employee's claim of benefits is not evidence of a negative attitude.

Lozoya next argues that the stated reason for termination was false because Section 5(F) is vague. He first complains that the policy does not define the phrase "medical leave of absence." He reasons that since the phrase is not defined to expressly include "on-the-job injuries," the decision to terminate employees who have suffered on-the-job injuries is self-serving. Section 5(F) covers *any* company-approved medical leave of absence extending more than 180 days and is not vague. Moreover, Lozoya offered no evidence that the policy was not applied uniformly. Second, he argues that Section 5(F) is vague with respect to when the 180 day period begins to run. Even if we agreed with Lozoya that the policy is so vague that reasonable people could disagree about its meaning, Lozoya has not demonstrated that the reason for his termination was false nor is it evidence of a discriminatory motive where Lozoya made no showing that it was applied inconsistently. Finally, Lozoya complains that Calderon did not

notify him that he was in danger of violating the policy. He cites no authority in support of his position and we decline to obligate an employer to warn an employee that he is about to violate an absence-control policy.

ASC conclusively established its entitlement to summary judgment by proving that it terminated Lozoya pursuant to a uniformly-enforced and reasonable absence control policy. Lozoya failed to produce evidence of a retaliatory motive to rebut the company's stated reason for termination. Because the trial court properly granted summary judgment, we overrule Lozoya's sole issue for review and affirm the judgment of the trial court.