MEMORANDUM OPINION


No. 04-04-00301-CV

Alfonso MANCERA,
Appellant

v.

The CITY OF LAREDO and Luis F. SOSA, Jr., Fire Chief,
Appellees

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 03-CVQ-00526-D3
Honorable Elma Teresa Salinas Ender, Judge Presiding
 
Opinion by:    Alma L. López, Chief Justice
 
Sitting:            Alma L. López, Chief Justice
Catherine Stone, Justice
Karen Angelini, Justice
 
Delivered and Filed:   March 9, 2005
  
AFFIRMED
            Alfonso Mancera appeals the no evidence and traditional summary judgments granted in
favor of the City of Laredo and fire chief, Luis F. Sosa. Mancera, a former cadet with the City of
Laredo Fire Department, sued the City and the fire chief, alleging wrongful termination in violation
of Texas Labor Code Chapter 451 and equal protection violations. On appeal, Mancera argues that
no exhaustion of remedies requirement is applicable and genuine issues of material fact exist on the
merits of Mancera’s claims. 
Background
            Mancera was a probationary employee with the City of Laredo. He had been accepted into
the July 2002 Fire Academy Class. At the beginning of November, Mancera suffered an injury
which prevented him from participating in various tests necessary for completion of the academy. 
The City prepared a Texas Workers’ Compensation Commission (TWCC) Employer’s First Report
of Injury or Illness on November 8, 2002. Mancera was referred for medical evaluation and placed
on restricted duty.
            Mancera missed approximately one month of classes and several physical skills tests. Sosa
terminated Mancera from employment on December 6, 2002, reasoning that Mancera had missed
too many days of physical skills tests to make up and had therefore essentially failed because
Mancera would not be able to meet the requirements necessary for graduation. Mancera was
informed that he would need to reapply for the next training academy. On December 12, 2002,
Mancera’s doctor released him to unrestricted duty.
            Mancera alleged two causes of action: wrongful termination in violation of Chapter 451 of
the Texas Labor Code and violation of his right to equal protection of the laws. According to
Mancera’s pleading, Sosa treated Mancera differently by allowing other cadets to remain in the
academy and graduate despite injuries that prevented their taking part in necessary skill exercises.
            For both of Mancera’s claims, the City and Sosa sought both no evidence and traditional
summary judgments.


 Following a hearing on the motions for summary judgment, the trial court
signed an order granting the City’s and Sosa’s motions.



Standard of Review
            We apply a de novo standard of review to summary judgments. Provident Life & Acc. Ins.
Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). A traditional motion for summary judgment is
properly granted only when the movant establishes that there are no genuine issues of material fact
and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). A no evidence
summary judgment is improper if the non-movant presents more than a scintilla of probative
evidence to raise a genuine issue of material fact. Forbes, Inc. v. Granada Biosciences, Inc., 124
S.W.3d 167, 172 (Tex. 2003). More than a scintilla of evidence exists if it would allow reasonable
and fair-minded individuals to differ in their conclusions. Id. Less than a scintilla of evidence exists
when the evidence is so weak as to do no more than create a mere surmise of suspicion of fact. Id. 
When reviewing a summary judgment, we take as true all evidence favorable to the non-movant and
we indulge every reasonable inference and resolve any doubts in the non-movant’s favor. Science
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 
            A defendant is entitled to summary judgment on an affirmative defense if the defendant
conclusively proves all of the elements of that affirmative defense. Cadle Co. v. Henderson, 982
S.W.2d 543, 545 (Tex. App.–San Antonio 1998, no pet.). A matter is conclusively established if
ordinary minds can not differ as to the conclusion to be drawn from the evidence. Triton Oil & Gas
Corp. v. Marine Contractors & Supply, Inc., 644 S.W.2d 443, 446 (Tex. 1982).
            When a trial court enters a summary judgment order that does not specify the particular
grounds on which it is based, the appellant must show that each independent argument alleged in the
motion for summary judgment is insufficient to support the trial court’s order. Star Telegram, Inc.
v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). Where the trial court’s order does not specify the grounds
relied upon for its ruling, we affirm if any of the summary judgment theories advanced are
meritorious. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001).
Qualified Immunity
            Qualified immunity is an affirmative defense; the burden is on the City and Sosa to establish
each element of the defense. City of Lancaster v. Chambers, 883 S.W.2d 650, 653 (Tex. 1994). A
government official is entitled to qualified immunity from a suit arising from the performance of
discretionary duties carried out in good faith, as long as the official is acting within the scope of his
duties. Id. at 653. From the record before us, there appears to be no dispute that Sosa was acting
within the scope of his authority or that the act of terminating employees is a discretionary duty. 
Therefore, we turn to whether the termination of Mancera was carried out in good faith. 
            To determine whether Sosa acted in good faith, we ask whether a reasonably prudent official,
under the same or similar circumstances, could have believed that his conduct was justified based
on the information he possessed when the conduct occurred. Ballantyne v. Champion Builders, 144
S.W.3d 417, 426 (Tex. 2004). This test of good faith inquires into what a reasonable person could
have believed, rather than what a reasonable person would have done. Id. The decision to terminate
Mancera, then, was made in good faith if a reasonably prudent fire chief could have believed that the
circumstances justified the termination of Mancera.
            When a public official considers two courses of action that could reasonably be believed to
be justified, and selects one, he satisfies the good faith prong of official immunity as a matter of law. 
Id. In reviewing Sosa’s actions, it cannot be said that he acted unreasonably in terminating Mancera. 
Qualified immunity protects “all but the plainly incompetent or those who knowingly violate the
law.” Chambers, 883 S.W.2d at 656. The summary judgment affidavit of Sosa establishes through
factual assertions that Sosa acted in good faith as a matter of law. 
            Mancera argues, however, that assertions contained within Sosa’s affidavit cannot be readily
controverted and should, therefore, not be used in support of a motion for summary judgment. 
Summary judgment may not be granted on the basis of testimony from an interested party unless “the
evidence is clear, positive and direct, otherwise credible and free from contradictions and
inconsistencies, and could have been readily controverted.” Tex. R. Civ. P. 166a(c); see also Casso
v. Brand, 776 S.W.2d 551, 558 (Tex. 1989). Readily controverted does not simply mean the
evidence could have been easily and conveniently rebutted. Id. Rather, it means that the evidence
can be effectively countered by opposing evidence. Id.
            Mancera complains of the following statements as self-serving and not being able to be
readily controverted:
“The City of Laredo Fire Department does not have the resources or budget to go
back and train one individual who has missed as much time and classes as Alfonso
Mancera did.”
 
“During my tenure as Fire Chief for the City of Laredo I have never allowed an
injured cadet or any cadet to graduate without passing the physical performance skill
tests during the time period allotted for each academy class. I have never allowed an
injured cadet similarly situated as Alfonso Mancera to remain indefinitely as an
employee after his class has graduated or to automatically gain admittance to a future
academy class. I have treated all similarly situated cadets to Alfonso Mancera the
same.”

            These statements are based on factual assertions, which could have been controverted by
presenting evidence of the City of Laredo Fire Department budget or testimony from individuals who
have knowledge contrary to Sosa’s statements. Such opposing evidence could effectively counter
these statements.
            Additionally, Mancera argues that Sosa’s summary judgment affidavit contains
impermissible conclusory statements. Mancera points to Sosa’s statement that Mancera was
terminated in accordance with the rules and regulations of the Laredo Fire Department as an
unsupported factual conclusion because Sosa did not identify a specific rule or regulation that
permitted him to terminate Mancera. Mancera also points to Sosa’s statement that he acted in good
faith in terminating Mancera as a legal conclusion unsupported by fact.
            Sosa’s statement that Mancera was terminated in accordance with the rules and regulations
of the Laredo Fire Department rises above an unsupported factual conclusion. When coupled with
unchallenged summary judgment evidence, including the fire department’s rules and regulations,
standard operating procedures, Sosa’s deposition testimony and Mancera’s termination letter, the
statement becomes a substantiated factual assertion, which could be readily controverted. In the
same light, Sosa’s assertion that he acted in good faith is based on the factual allegations found
within the summary judgment evidence, and therefore could have been easily controverted.
            Further, Mancera argues that Sosa’s summary judgment affidavit contradicts his deposition
testimony, and therefore creates a fact issue making summary judgment improper. Mancera
contends that Sosa’s affidavit statement that he had no personal or specific knowledge of the
treatment of injured probationary cadets prior to July 22, 2002 in regard to employment actions
contradicts deposition testimony stating that he had heard of situations in the past where an injured
cadet was allowed to attend a subsequent academy. During deposition, the following exchanges took
place between Sosa and counsel for Mancera:
Q. (By Ms. Criswell, counsel for Mancera) Okay. What I am asking
you is you are aware you stated earlier that in the past other cadets
who were injured were allowed to attend the following academy?
 
A. I don’t know how it worked in the past, ma’am.
 
Q. But you have heard that that has happened; is that correct?
 
A. It could have, yes.
 
Q. Have you heard it or not?
 
A. Like I said, I have heard of it, yes.
 
....
 
Q. And do you remember him telling you specifically that he was
aware that his uncle had been injured during an academy and had
been allowed to go to the next academy?
 
A. Yes, ma’am.
 
....
 
 
Q. Okay. So what about that situation? You have specific knowledge
of another firefighter who was injured during the academy and was
allowed to go into another academy. What about that?
 
A. It was before my time.
 
Q. It was before your time but it was still allowed to happen; wasn’t
it?
 
A. I guess. I don’t know

            A careful reading of the deposition testimony reveals that Sosa maintained that he had no
actual knowledge of how similar situations had been handled in the past. When pressed, Sosa agreed
that a cadet had told him that in the past, a particular injured cadet had been allowed to go into
another academy. However, subsequent questioning revealed that Sosa still had no specific
knowledge of whether that had actually taken place. This does not contradict Sosa’s affidavit
statement, and therefore does not raise a fact issue making summary judgment improper.
            We find that a reasonable official could have believed that terminating Mancera under the
circumstances was lawful. Summary judgment could have been properly granted on this ground. 
Therefore, we need not consider other summary judgment theories in regard to Sosa.Exhaustion of Remedies
            Chapter 451 of the Texas Labor Code provides that a person may not discharge or in any
other manner discriminate against an employee because the employee has ... filed a workers’
compensation claim in good faith or otherwise participated in a workers’ compensation claim or suit
in specified ways. Tex. Lab. Code Ann. § 451.001 (Vernon 1996); see also Kerrville State Hosp.
v. Fernandez, 28 S.W.3d 1, 4 & n. 1 (Tex. 2000). The purpose of the statute is to protect persons
entitled to benefits under the Workers’ Compensation Act and to prevent them from being
discharged for filing claims to collect those benefits. Trico Techs. Corp. v. Montiel, 949 S.W.2d
308, 312 (Tex. 1997). 
            The predecessor of Chapter 451 was Article 8307c. See City of LaPorte v. Barfield, 898
S.W.2d 288, 293 (Tex. 1995) (indicating that Article 8307c was recodified without substantive
change). The purpose of Chapter 451, as that of Article 8307c, is to enable injured workers to
exercise their rights within the workers’ compensation scheme by preventing retaliatory discharge. 
See Jones v. Roadway Express, Inc., 931 F.2d 1086, 1092 (5th Cir. 1991). Neither 8307c nor
Chapter 451 include a requirement that an individual go through an administrative process prior to
filing a retaliatory discharge claim. See Tex. Lab. Code Ann. § 451.001 - .003 (Vernon 1996).
            The City relies on Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656 (Tex. App.–Corpus
Christi 1997, no pet.), which cites Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483 (Tex. 1991)
for the proposition that exhaustion of remedies is required under Chapter 451. Schroeder, however,
specifically discusses the precursor to Texas Labor Code Chapter 21, which applies to claims of
discrimination on the basis of race, national origin, sex, age, religion or disability. See generally,
Schroeder, 813 S.W.2d 483 (Tex. 1991). Chapter 21, which does contain an exhaustion of remedies
provision, very specifically refers to individuals who bring actions under Chapter 21. See Tex. Lab.
Code Ann. § 21.002 (4) & 21.201 (a)-(g) (Vernon 1996). Mancera did not bring a claim under
Chapter 21, nor does his claim allege discrimination in any of the ways contemplated by Chapter 21. 
Rather, Mancera’s claims are brought under Chapter 451, which does not include an exhaustion of
remedies requirement. See Tex. Lab. Code Ann. § 451.001 - .003 (Vernon 1996); see also
Kerrville State Hosp. v. Fernandez, 28 S.W.3d 1, 2-4 (Tex. 2000) (discussing retaliatory discharge
actions that were filed directly without any mention of an exhaustion of administrative remedies
requirement); Baptist Mem’l Healthcare Sys. v. Casanova, 2 S.W.3d 306, 308-09 (Tex. App.–San
Antonio 1999, pet. denied) (relating the history of the plaintiff’s retaliatory discharge action, which
went forward without any requirement of exhausting administrative remedies).
            Because Chapter 451 of the Texas Labor Code does not require exhaustion of administrative
remedies prior to filing a retaliatory discharge claim, summary judgment could not have been
properly granted on this ground.
Claim of Discrimination
            The City moved for summary judgment as to both of Mancera’s causes of action, asserting
that his claims failed as a matter of law because Mancera could not establish a prima facie showing
of discrimination or disparate treatment and the City had a valid, non-discriminatory reason for
terminating Mancera. An employee suing under Chapter 451 must establish that but for his assertion
of a compensation claim or other conduct protected by section 451.001, the employee would not
have been terminated when he was. Continental Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 450
(Tex. 1996).
            To establish a prima facie claim for retaliatory discharge under the Texas Labor Code,
Mancera must establish that he engaged in a protected activity, an adverse employment action
occurred, and there was a causal connection between participation in the protected activity and the
adverse employment decision. Tex. Lab. Code Ann. § 451.001 (Vernon 1996); West v.
Maintenance Tool & Supply Co., 89 S.W.3d 96, 105 (Tex. App.–Corpus Christi 2002, no pet.). It
is undisputed that Mancera engaged in a protected activity and that an adverse employment action
occurred. Therefore, we need only consider whether a causal connection exists between Mancera’s
participation in a protected activity and his termination. West, 89 S.W.3d at 105.
            Mancera bears the burden of demonstrating a causal link between his termination and the
reporting or filing of a workers’ compensation claim. Cazarez, 937 S.W.2d 450-51. Mancera may
establish this causal connection through the use of direct or circumstantial evidence. Id. Once
Mancera establishes a causal link, the City bears the burden to rebut the alleged improper termination
by showing there was a legitimate reason for the termination. McIntyre v. Lockheed Corp., 970
S.W.2d 695, 697 (Tex. App.–Fort Worth 1998, no pet.). If the City is able to demonstrate there was
a legitimate reason for the termination, Mancera must produce controverting evidence of a 
retaliatory motive. Lozoya v. Air Sys. Components, Inc., 81 S.W.3d 344, 348 (Tex. App.–El Paso
2002, no pet.) Evidence sufficient to establish a causal link between termination and the reporting
or filing of a compensation claim includes: (1) knowledge of the compensation claim by those
making the decision on termination; (2) expression of a negative attitude toward the employee’s
injured condition; (3) failure to adhere to established company policies; (4) discriminatory treatment
in comparison to similarly situated employees; and (5) evidence that the stated reason for the
discharge was false. Cazarez, 937 S.W.2d at 451.
            Because the City filed a no evidence motion for summary judgment, the burden falls on
Mancera to produce some probative evidence to raise a fact issue of causal connection. Merrell Dow
Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). Mancera argues that the summary
judgment evidence shows Sosa knew about Mancera’s work place injury. Mere knowledge of the
injury, however, does not establish a causal connection between the alleged discriminatory behavior
and the filing or reporting of the claim. Rather, it is merely one factor to be considered in light of
the record as a whole. Cazarez, 937 S.W.2d at 451. Therefore, we consider other Cazarez factors
to determine if Mancera met his burden. Lone Star Steel Co. v. Hatten, 104 S.W.3d 323, 327-28
(Tex. App.–Texarkana 2003, no pet.).
            Mancera points out that Sosa testified that because of Mancera’s injury, Mancera was not
able to participate in performance skills tests and therefore failed those tests. This testimony,
however, does not rise to the level of an expression of a negative attitude toward Mancera’s injury. 
Cf. Gorges Foodservice, Inc. v. Huerta, 964 S.W.2d 656, 666-67 (Tex. App. –Corpus Christi 1997,
no pet.) (negative attitude was indicated by the forcing of workers’ compensation claimant to suffer
humiliation not inflicted on other employees). Without more, we cannot conclude that any attitude,
negative or positive, was expressed concerning Mancera’s injury. Therefore, Mancera has not raised
a fact issue precluding summary judgment on the second factor.
            Mancera argues, in support of the third factor, that Sosa failed to comply with a fire
department policy applicable to academy cadets, providing that for any failed test, a retest will be
scheduled. The fire department academy manual indicates that the failure of two exams constitutes
grounds for dismissal, that failed exams will be re-scheduled within seven calendar days, and that
all re-scheduled tests must be passed. Mancera was not released to return to work until December
12, which was six days after he was terminated. The retest for any examination held prior to
December 5 that Mancera failed to complete would have been scheduled before Mancera was
released to return to work. Therefore, not only was Mancera unable to take part in the first regular
administration of several examinations, he was also unable to take part in any re-scheduled
examinations. It is undisputed that Mancera never participated in several physical skills tests the first
or a second time as required by the policies. This, however, is not evidence that the policy was not
followed. Upon the initial administration of examinations, Mancera was not able to participate, thus
failing that administration of the exam. Within seven days of the initial administration, the time
prescribed by the manual, Mancera was still not medically released to return to work, and could not
have participated in any physical examinations. Thus, Mancera has not offered any evidence of
failure to follow fire department policies.
            Mancera also argues that the summary judgment evidence suggests he was treated differently
in comparison to other similarly situated employees. Mancera points to the affidavit of District Fire
Chief Fernando Espinola as evidence that other cadets, who were ill or injured, had been allowed
to attend subsequent training academies. Espinola states that he has personal knowledge that prior
to the academy class in which Mancera was enrolled, Javíer Lopez was sick and allowed to attend
a subsequent training academy. Espinola also states that in a training academy subsequent to the one
in which Mancera was enrolled, Erik Espinola was injured and allowed to attend a subsequent
academy. Mancera has not offered any evidence showing that an injured cadet who had not been
medically released to return to work had not been allowed to attend a subsequent training academy. 
The summary judgment evidence shows that Mancera was informed he could attend a future
academy after going through the application process again. Espinola’s affidavit does not address
whether the cadets of whom he speaks were required to re-apply for the subsequent academies they
attended. This evidence is insufficient to allow reasonable and fair-minded individuals to differ in
their conclusions. Therefore, Mancera has not offered sufficient evidence of the fourth factor.
            Finally, in relation to the fifth factor, Mancera argues that the stated reasons for his
termination are false. A plaintiff’s prima facie case, combined with sufficient evidence to find that
the employer’s asserted justification is false, may permit the court to conclude that the employer
unlawfully discriminated. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 148 (2000). 
In drawing this conclusion, it is not enough to disbelieve the employer, but a court must believe the
plaintiff’s explanation. Id. at 147. Mancera’s termination letter indicates that “[a]fter an evaluation
of your physical inability to perform the skills tests which are mandatory in our Fire Training
Academy, we have decided to terminate your employment with the City of Laredo Fire Department.” 
Mancera argues that the reasoning in the termination letter contradicts the reasons given in Sosa’s
affidavit and in Espinola’s affidavit. Sosa indicated that Mancera was terminated for failure to pass
physical performance tests. Espinola’s affidavit indicates that Mancera was told he was terminated
for failure to pass tests. Mancera’s summary judgment evidence does not raise any issues of fact to
suggest that any justification other than his ability to perform the physical skills test was at play. 
Therefore, Mancera has not offered any evidence to establish that the given reason for his
termination is false.
            We have considered the Cazarez factors to determine whether Mancera met his burden to
show more than a scintilla of probative evidence establishing a causal link between his workers’
compensation claim and his termination. Cazarez, 937 S.W.2d at 451. We conclude that Mancera
failed to meet his burden as to the retaliatory discharge claim. Because the City filed a no-evidence
summary judgment motion and Mancera failed to raise a genuine issue of material fact as to
causation, the summary judgment for the City on Mancera’s alleged retaliatory discharge stands on
those grounds. Tex. R. Civ. P. 166a(i).
            With regard to Mancera’s equal protection claim, Mancera had the burden to establish
treatment different from others similarly situated and a lack of rational basis for the difference in
treatment. Vill. of Willowbrook v. Olech, 528 U.S. 562, 563 (2000). While Mancera claims
disparate treatment, as previously discussed, Mancera does not present sufficient summary judgment
evidence to establish that he was treated differently from others similarly situated. Accordingly, the
summary judgment for the City on Mancera’s equal protection claim could have been properly
granted.
Conclusion
            We affirm the judgment of the trial court.
Alma L. López, Chief Justice