COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ROSALIO ARELLANO,

                            Appellant,

v.


AMERICANOS USA, LLC,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-08-00305-CV

Appeal from the

171st Judicial District Court

of El Paso County, Texas 

(TC# 2007-3771) 





O P I N I O N

            Appellant, Rosalio Arellano (“Mr. Arellano”), brought action against Appellee,
Americanos USA, LLC (“Americanos” or “the company”), alleging the company retaliated
against him after he filed a workers’ compensation claim. He now appeals the trial court’s order
granting Americanos’ motion for summary judgment. We reverse the trial court’s judgment and
remand the case to the trial court for further proceedings.
            Mr. Arellano worked primarily as a bus driver for Americanos for more than two and a
half years. In October 2005, he injured his back while stepping off of a bus he was driving from
El Paso, Texas to California. He filed a workers’ compensation claim, and Americanos sent him
to Concentra in California for medical treatment.


 Mr. Arellano continued treatment at
Concentra once back in El Paso, and was put on light duty at work per the doctor’s orders. Later,
a non-Concentra physician treated Mr. Arellano and took him off of work from November 2005
through the end of 2006 for medical reasons. He resumed working as a bus driver for
Americanos in January 2007, and his last day at the company was on December 24, 2007.
            In August 2007, Mr. Arellano filed suit against Americanos, asserting wrongful
termination and discrimination in violation of Section 451.001 of the Texas Workers’
Compensation Act. In February 2008, the trial court entered a discovery control plan and
scheduling order. In August 2008, Americanos filed a traditional motion for summary judgment
and a no-evidence motion for summary judgment.


 Mr. Arellano filed his response to
Americanos’ motions for summary judgment about a month later, and he also filed an objection
to the hearing on these motions on the grounds that the summary judgment deadline had passed
based on the parties’ agreed deadline in their discovery control plan. Americanos then filed its
objections to and a motion to strike Mr. Arellano’s summary judgment evidence, specifically the
affidavit in his response to the company’s motions for summary judgment.
            The trial court held a hearing on Americanos’ motions for summary judgment on
September 23, 2008. At the hearing, the court overruled Mr. Arellano’s objection that the
summary judgment deadline had passed. At the conclusion of the hearing, the court entered an
order granting Americanos’ motion for summary judgment. In October 2008, Mr. Arellano filed
a notice of appeal.
            As an initial matter, we have found Mr. Arrellano’s brief to be seriously lacking in
substantive discussion of facts and authorities to be relied upon which brings it very close to
waiving his complaints. See Jimenez v. Citifinancial Mortg. Co., Inc., 169 S.W.3d 423, 426
(Tex.App.--El Paso 2005, not pet.). Nevertheless, we have looked past those failings and find
that the record before us is sufficient to reach the merits of his appeal.
            In Issue One, Mr. Arellano argues Americanos’ motions for summary judgment violated
the parties’ discovery control plan and scheduling order. Mr. Arellano contends Americanos
should have applied for a leave of court to modify the summary judgment deadline, and the trial
court erred in allowing the summary judgment hearing to proceed thirteen days before trial when
the parties had expressly agreed that the summary judgment deadline was thirty days before trial.
            The trial court’s discovery control plan indicated the “summary judgment deadline” as
thirty days before trial, and it set the trial date as October 6, 2008. Americanos filed its motions
for summary judgment on August 20, 2008, which was more than thirty days before trial. The
court held a hearing on the motions on September 23, 2008. Because Americanos filed its
motions for summary judgment at least thirty days before trial, it did not violate the summary
judgment deadline in the discovery control plan and scheduling order. Issue One is overruled.
            In Issue Two, Mr. Arellano argues Americanos waived its objections to the evidence in
support of his summary judgment response, and that even if the trial court made an implicit
ruling granting the company’s motion to strike his affidavit, the court erred in doing so.
Specifically, Mr. Arellano asserts Americanos waived its objections to his affidavit by failing to
obtain rulings from the trial court on its objections and motion to strike, and that in any case, his
affidavit was not a sham affidavit, as the company claimed.
            Failure to obtain written rulings on objections to summary judgment evidence waives the
issue, unless the record reflects an implicit ruling by the trial court. Tex.R.App.P. 33.1(a)(2)(A)
(trial court must either expressly or implicitly rule on an objection for a complaint to be
preserved for review); Torres v. GSC Enterprises, Inc., 242 S.W.3d 553, 560 (Tex.App--El Paso
2007, no pet.); Strunk v. Belt Line Road Realty, Co., 225 S.W.3d 91, 99 (Tex.App.--El Paso
2005, no pet.). For there to be an implicit ruling, the record must contain something indicating
that the trial court ruled on the objections, other than the mere granting of a motion for summary
judgment. Torres, 242 S.W.3d at 560; Strunk, 225 S.W.3d at 99. In this case, there is no
indication that Americanos’ objection to Mr. Arellano’s affidavit was ruled upon either explicitly
or implicitly.


 As such, the company’s objection is waived, and the objected-to summary
judgment evidence remains a part of the summary judgment record. Accordingly, we may
consider Mr. Arellano’s affidavit in our review of the merits of this appeal.
            In Issues Three and Four, Mr. Arellano argues the trial court erred in granting summary
judgment on either traditional or no-evidence grounds. Because the trial court did not specify the
grounds upon which it granted the motion, we will affirm, if any ground asserted has merit. 
Western Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005).
            As with any summary judgment ruling, a traditional summary judgment is subject to de
novo review. Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). To
succeed on a traditional motion for summary judgment, the movant must establish that there is no
genuine issue of material fact so that judgment should be granted as a matter of law. 
Tex.R.Civ.P. 166a(c); see also Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846
(Tex. 2005). Summary judgment is therefore properly granted if the defendant disproves at least
one essential element of the plaintiff’s cause of action, or establishes all essential elements of an
affirmative defense. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002); Shah v.
Moss, 67 S.W.3d 836, 842 (Tex. 2001). If the movant is successful in establishing its right to
judgment as a matter of law, the burden then shifts to the non-movant to produce evidence
raising a genuine issue of material fact. City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 678-79 (Tex. 1979). As in a review under the no-evidence standard, the reviewing court
will take as true all competent evidence favorable to the non-movant, indulge every reasonable
inference, and resolve any doubts in the non-movant’s favor. See Grant, 73 S.W.3d at 215. 
Unlike a no-evidence motion however, a traditional motion for summary judgment must stand or
fall on its own merit; there is no right to a traditional summary judgment by default. See City of
Houston, 589 S.W.2d at 678.
            A no-evidence motion for summary judgment is essentially a pretrial motion for directed
verdict. Gray v. Woodville Health Care Center, 225 S.W.3d 613, 616 (Tex.App.--El Paso 2006,
pet. denied). A no-evidence summary judgment movant must specify which essential elements
are devoid of evidentiary support. Tex.R.Civ.P. 166a(i); see also Aguilar v. Morales, 162
S.W.3d 825, 834 (Tex.App.--El Paso 2005, pet. denied). The burden then shifts to the
non-movant to produce summary judgment evidence raising a genuine issue of material fact
regarding each challenged element. Aguilar, 162 S.W.3d at 834. The non-movant meets this
burden, thereby defeating the no-evidence motion, by producing more than a mere scintilla of
evidence in support of each challenged element. See Gray, 225 S.W.3d at 616. A “scintilla” of
evidence rises to the level that enables reasonable minds to differ in the conclusions to be drawn
therefrom. See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).
            A no-evidence motion is properly granted when the non-movant fails to produce proper
summary judgment evidence, or the evidence produced is so weak as to create no more than a
mere surmise or suspicion. See King Ranch, Inc., 118 S.W.3d at 751. On appeal, we conduct a
de novo review of the trial court’s ruling to determine whether or not the non-movant’s evidence
demonstrated that a material fact issue exists on each of the challenged elements. See id. When
conducting such a review, the appellate court must view the evidence in the light most favorable
to the non-movant. See Gray, 225 S.W.3d at 616. When, as here, the trial court fails to specify
which no-evidence ground served as the basis for its ruling, we must review each ground raised
in the motion, and the judgment will be affirmed if any of the theories prove meritorious. Id. at
617.
            Here, Americanos’ grounds for traditional summary judgment were: (1) the company did
not terminate Mr. Arellano; and (2) Mr. Arellano failed to show that there was a causal
connection between the alleged discharge or discriminatory acts and a protected activity under
Chapter 451. First, Americanos contends it never terminated Mr. Arellano, and that according to
Mr. Arellano’s deposition testimony, his injury led him to leave the company. Second, the
company asserts that based on Mr. Arellano’s deposition testimony, there was no evidence of a
causal link between his workers’ compensation claim and the alleged discrimination or wrongful
termination; instead it was Mr. Arellano’s “legitimate personal action” that resulted in the alleged
discrimination, and his injury that resulted in his termination.
            Chapter 451 of the Texas Labor Code provides: “A person may not discharge or in any
other manner discriminate against an employee because the employee has: filed a workers’
compensation claim in good faith,” or otherwise participated in a workers’ compensation claim
or suit in specified ways. Tex.Lab.Code Ann. § 451.001 (Vernon 2006). Section 451.001 is a
statutory exception to the Texas common-law doctrine of employment-at-will. Lozoya v. Air
Systems Components, Inc., 81 S.W.3d 344, 347 (Tex.App.--El Paso 2002, no pet.); Jenkins v.
Guardian Industries Corp., 16 S.W.3d 431, 435 (Tex.App.--Waco 2000, pet. denied). The
purpose of this statute is to protect persons entitled to benefits under the Workers’ Compensation
Act and to prevent them from being discharged for filing claims to collect those benefits. Trico
Technologies Corp. v. Montiel, 949 S.W.2d 308, 312 (Tex. 1997); Lozoya, 81 S.W.3d at 347. 
Thus, the section has both remedial and deterrence objectives. Lozoya, 81 S.W.3d at 347.
            In workers’ compensation retaliation claims, an employee can recover damages for
retaliatory discharge under this provision only if he proves that without his filing a workers’
compensation claim, the discharge would not have occurred when it did. Continental Coffee
Products Co. v. Cazarez, 937 S.W.2d 444, 450 (Tex. 1996); Lozoya, 81 S.W.3d at 347. This
causal link may be established by direct or circumstantial evidence. Lozoya, 81 S.W.3d at 347. 
Circumstantial evidence sufficient to establish a causal link between termination and filing a
compensation claim includes: (1) knowledge of the compensation claim by those making the
decision to terminate; (2) a negative attitude toward the employee’s injured condition; (3) failure
to adhere to established company policies; (4) discriminatory treatment of the injured employee
in comparison to similarly situated employees; and (5) providing incentives to refrain from
reporting on-the-job injuries. Lozoya, 81 S.W.3d at 347-48; Wyler Industrial Works, Inc. v.
Garcia, 999 S.W.2d 494, 501 (Tex.App.--El Paso 1999, no pet.). Further, proof that the stated
reasons for the discharge are false is sufficient to establish that the employee was terminated in
violation of Section 451.001. Lozoya, 81 S.W.3d at 348, citing Continental Coffee, 937 S.W.2d
at 452. Once the link is established, it is the employer’s burden to rebut the alleged
discrimination by showing there was a legitimate reason behind the discharge. Lozoya, 81
S.W.3d at 348; Terry v. Southern Floral Co., 927 S.W.2d 254, 257 (Tex.App.--Houston [1st
Dist.] 1996, no pet.). The employee then has the burden to either produce evidence raising a fact
issue on whether the employer’s stated reason was a pretext for retaliatory action, or challenge
the employer’s summary judgment evidence as failing to prove as a matter of law that the stated
reason was legitimate and nondiscriminatory. See Benners v. Blanks Color Imaging, Inc., 133
S.W.3d 364, 369 (Tex.App.--Dallas 2004, no pet.).
            So we disagree with Americanos that Mr. Arellano failed to establish the company
terminated his position, and that he failed to establish a causal link between his workers’
compensation filing and the alleged discrimination and wrongful termination, when we examine
the record in the light most favorable to Mr. Arellano, disregarding all contrary evidence and
inferences. See Gray, 225 S.W.3d at 616. According to Mr. Arellano’s affidavit, the company
discharged him from his employment after he sustained the work-related injury by ceasing to
offer him bus routes to drive, putting him on the work schedule, and communicating with him. 
He also testified that subsequent to being injured and put on light duty by Concentra, Americanos
expressed a negative attitude towards his injured condition by terminating his position as a bus
driver and demoting him to a janitorial position. As a result, he earned a lower wage than before,
and was subjected to humiliation due to the tasks he had to undertake. Mr. Arellano left the
company between November 2005 and the end of 2006 because his personal doctor took him off
of work for medical reasons. He resumed work as a bus driver for the company in January 2007,
but the company continued to express a negative attitude towards his injured condition and
subjected him to discriminatory treatment. For example, Mr. Arellano’s supervisor,
Mr. Chavarria, persisted in changing his co-driver instead of allowing him to work with the same
individual, which prevented him from “developing . . . trust and rapport with [his] team driver.” 
According to Mr. Arellano, this “was never the case before [his] on-the-job injury,” nor was it
the case with other drivers who did not claim for workers’ compensation benefits. Other
instances in which Americanos treated Mr. Arellano differently than before his injury and
differently from other drivers included assigning him buses that were dirty or had mechanical
problems, denying his request to be assigned to a properly functioning bus, denying his request
for taking a day off, and assigning him less routes or less desirable routes. Since his injury,
Mr. Chavarria told Mr. Arellano that he was a problematic employee, would not respond to his
questions, or look directly at Mr. Arellano when Mr. Arellano spoke to him. According to
Mr. Arellano, the company ceased offering him bus routes to drive, and ignored his attempts to
communicate with its employees after his last day at work. Since then, he had not received
workers’ compensation or any medical benefits.
            Examining the record in the light most favorable to Mr. Arellano, we determine that there
are genuine issues of material fact as to whether Mr. Arellano was discharged or discriminated
against for filing a workers’ compensation claim. Moreover, the record reflects that Americanos
did not establish all elements of an affirmative defense. Because Americanos failed to establish
that there were no genuine issues of material fact as to Mr. Arellano’s retaliation claim, we
conclude the trial court erred in granting summary judgment as a matter of law. See
Tex.R.Civ.P. 166a(c); Rubio, 185 S.W.3d at 846. We sustain Issue Three.
            In Issue Four, Mr. Arellano contends summary judgment was not properly granted under
Texas Rule of Civil Procedure 166a(i). In its no-evidence motion for summary judgment,
Americanos argued Mr. Arellano failed to produce any evidence so as to create a genuine issue of
material fact with respect to all of the following elements for Section 451.001 retaliatory
discharge: (1) an employee; (2) who is discharged or discriminated against in any manner; (3)
because the employee has filed a workers’ compensation claim in good faith; and (4) that “but
for” the employee’s filing of a workers’ compensation claim, the discharge would not have
occurred when it did. See Tex.Lab.Code Ann. § 451.001(1); Cazarez, 937 S.W.2d at 450. We
have already determined that there are genuine issues of material fact as to the second element,
that the company terminated or discriminated against Mr. Arellano, and the fourth element, that
Mr. Arellano’s discharge or discrimination was connected to his filing of a workers’
compensation claim. We also determined that Mr. Arellano met his initial burden on the causal
link, and that Americanos did not meet its burden to show a legitimate reason for the alleged
discharge because the record is devoid of any evidence on this matter. Mr. Arellano’s affidavit
also clearly indicates that Americanos employed him from March 3, 2004 through November 7,
2005, and from January 2007 through December 24, 2007, and that he filed a workers’
compensation claim in good faith after he sustained the injury. Therefore, there are genuine
issues of material fact with respect to these elements as well. As such, there is more than a mere
scintilla of evidence in support of all the elements of Mr. Arellano’s cause of action, and
summary judgment was also not granted properly under Rule 166a(i). See Tex.R.Civ.P. 166a(i);
King Ranch, 118 S.W.3d at 751; Gray, 225 S.W.3d at 616. We will also sustain Issue Four.
            Having determined that none of the grounds advanced for summary judgment have merit,
we reverse the trial court’s judgment and remand the case for further proceedings.


November 29, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.